■ Ruth Silbowitz, Respondent-Appellant, v Mitchell Silbowitz, Appellant-Respondent, and Albert E. Silbowitz, Appellant. [641 NYS2d 866] —In an action for a divorce and ancillary relief, (1) the defendant husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Nassau County (Kohn, J.), entered September 15, 1994, as, after a nonjury trial (Saladino, J.), *inter alia,* (a) directed him to pay child support of $100 per week per child until completion of college, (b) directed him to pay weekly maintenance of $300, (c) directed him to pay at least $5,000 toward the future Bar Mitzvah party expenses of one of the parties' sons, (d) directed him to pay an equitable distribution award of $250,000 to the plaintiff wife, and (e) failed to fix a schedule of visitation between the husband and the parties' children; (2) the plaintiff wife cross-appeals from so much of the same judgment as (a) failed to make the child support and maintenance awards retroactive to the date of commencement of the action, and (b) failed to award her counsel fees; and (3) the nonparty appellant appeals from so much of the same judgment as directed that any judgment entered upon the equitable distribution award of $250,000 constitute a lien against all of the real property in which the husband and the nonparty appellant share ownership or financial interests.

Ordered that the judgment is reversed insofar as appealed and cross-appealed from, without costs or disbursements, the third, fourth, fifth, sixth, seventh, and eighth decretal paragraphs thereof are vacated, and the matter is remitted to the Supreme Court, Nassau County, for a new determination with respect to the issues of child support, maintenance, and equitable distribution, in accordance herewith; and it is further,

Ordered that, in the interim, the former husband shall pay the former wife child support in the amount of $100 per week per child, to continue until each child reaches the age of 21 or until the Supreme Court's determination of the issue, whichever is sooner.

Virtually all of the economic aspects of the Supreme Court's judgment must be reversed and remitted for a new determination because the trial court failed to set forth any factual findings and calculations to support its award. For example, while the court awarded the wife the amount of $250,000 as her equitable share of the parties' marital property, the trial court failed to indicate which assets constituted marital property and failed to determine the parties' respective rights therein as required by Domestic Relations Law § 236 (B) (5) (d).

Similarly, the court failed to determine whether and to what extent any appreciation in the value of any separate property of the parties is subject to equitable distribution (*see generally,* Domestic Relations Law § 236 [B] [1] [d] [3]; *Hartog v Hartog,* 85 NY2d 36; *Price v Price,* 69 NY2d 8). Furthermore, in making the distributive award, the trial court failed to "set forth the factors it considered and the reasons for its decision" as mandated by Domestic Relations Law § 236 (B) (5) (g) (*see, e.g., Dalvi v Dalvi,* 214 AD2d 641).

The awards for child support and maintenance must likewise be reversed, inasmuch as the court made no specific findings regarding the actual or imputed income of the parties, failed to discuss the application of the appropriate child support guidelines (*see,* Domestic Relations Law § 240; *see generally, Matter of Cassano v Cassano,* 85 NY2d 649), and failed to set forth the factors upon which it relied in arriving at its determination as to maintenance (*see,* Domestic Relations Law § 236 [B] [6] [b]; *see generally, Liadis v Liadis,* 207 AD2d 331; *Hornbeck v Hornbeck,* 99 AD2d 851). However, we note in this regard that the trial court erred in directing the husband to continue child support beyond the 21st birthday of any child attending college (*see,* Domestic Relations Law § 240 [1-b] [b] [2]; *Bani-Esraili v Lerman,* 69 NY2d 807; *Vicinanzo v Vicinanzo,* 193 AD2d 962), and in requiring the husband to contribute at least $5,000 toward any Bar Mitzvah party held for one of the parties' sons.

Since the foregoing matters must be remitted for a new determination, the parties may advance their contentions regarding the commencement date of child support and maintenance, the manner of enforcement of the judgment, the awarding of counsel fees, and the fixing of a schedule of visitation in the Supreme Court. Moreover, while we decline to consider the materials dehors the record submitted by the husband and the nonparty appellant, the Supreme Court may, in its discretion, consider these submissions upon remittitur. Sullivan, J. P., Pizzuto, Joy and Krausman, JJ., concur.