■ DONNA R. MCCOMISH, Respondent, v WILLIAM P. MC-COMISH, Appellant. [642 NYS2d 921] —In an action for a divorce and ancillary relief, the defendant husband appeals (1) from an order of the Supreme Court, Westchester County (Silverman, J.), entered July 25, 1994, which in effect, denied his motion, *inter alia,* to set aside a decision of the same court dated June 3, 1994, which, among other things, determined the issues of equitable distribution, maintenance, and child support, and (2) as limited by his notice of appeal and brief, from stated portions of a judgment of the same court, dated September 13, 1994, entered upon the court's "amended decision" dated July 25, 1994, which, *inter alia:* (a) awarded the plaintiff wife $700 per month in child support, (b) awarded the plaintiff wife title to the marital residence in lieu of an award of $68,850, representing arrears in child support, her share in marital property including credit for marital assets dissipated by the defendant husband, and "lump sum maintenance", and (c) directed the defendant husband to share in the medical, insurance, and college expenses of the couple's youngest child, with his share to be in proportion to the parties' respective incomes.

Ordered that the appeal from the order is dismissed without costs or disbursements, as no appeal lies from an order which decides a motion to set aside a decision (*see, Behrens v Behrens,* 143 AD2d 617); and it is further,

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by (1) deleting from the fifth decretal paragraph thereof the sum of $68,850 and substituting therefor the sum of $65,350, (2) adding thereto after the words "New Rochelle, New York" the words "on condition that the plaintiff pay to the defendant the sum of $3,500", and (3) adding thereto after the words "household expenses in connection with same" the following, "In the event that the plaintiff fails to pay to the defendant the sum of $3,500, the marital residence is to be sold, with the parties each receiving the amounts herein awarded as their respective credits from the receipts of the sale of the premises, with the balance to be divided between them equally"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiff's time to pay the sum of $3,500 to the defendant is extended until 120 days after service upon her of a copy of this decision and order with notice of entry.

The defendant contends that the court erred in not crediting him with one-half of a withdrawal of approximately $17,000 made by the wife from the parties' joint funds which he al-

leged constituted a dissipation of marital assets. Insofar as there was testimony to the effect that the husband had agreed to give the couple's eldest daughter money towards a business investment, the wife's gift or loan to the daughter of $10,000 of the $17,000 was not a dissipation of marital assets. However, to the extent that the wife took back $7,000 from these withdrawn funds and put them to her personal use, the husband is entitled to a credit of $3,500. Accordingly, we have modified the judgment by reducing the amount of the plaintiffs' award from $68,850 to $63,350 and directing that she pay the defendant $3,500 as a condition of receiving title to the marital residence.

We have examined the parties' remaining contentions and find that none warrant further relief. Balletta, J. P., Sullivan, Copertino and Krausman, JJ., concur.