■ In the Matter of TAMMY GRUTTADAURIA, Respondent-Appellant, v FERDINAND CATAPANO, Appellant-Respondent. [672 NYS2d 893] —In a child support proceeding pursuant to Family Court Act article 5, the father appeals, as limited by his brief, from stated portions of an order of the Family Court, Suffolk County (Lynaugh, H.E.), dated January 10, 1997, which, *inter alia,* reduced the amount of his weekly child support obligation to only $769.40 in accordance with an order of the same court (Dunn, J.), entered December 6, 1996. The mother cross-appeals from stated portions of the order dated January 10, 1997.

Ordered that the matter is remitted to the Family Court, Suffolk County, to set forth the factors considered and the reasons for its determination to apply the statutory formula of the Child Support Standards Act to the combined parental income over $80,000, and the appeal is held in abeyance and the father shall continue to pay child support of $769.40 per week in the interim. The Family Court, Suffolk County, is to file its report with all convenient speed.

In calculating the amount of the child support award pursuant to the provisions of the Child Support Standards Act (*see,* Family Ct Act § 413; Domestic Relations Law § 240), the Family Court opted to apply the child support percentage (here 17%) to the combined parental income over $80,000. While the statute explicitly vests discretion in the Family Court to apply the child support percentage to income over $80,000, rather

than apply the factors set forth in Family Court Act § 413 (1) (f), there must be some "record articulation of the reasons for the court's choice * * * to facilitate * * * review" (*Matter of Cassano v Cassano,* 85 NY2d 649, 655). Inasmuch as the Family Court failed to sufficiently articulate the reasons for its decision, we find it appropriate to remit the matter to the Family Court to set forth the factors it considered and the reasons for its determinations (*see, Zaremba v Zaremba,* 222 AD2d 500).

No other issues are reached at this time. Mangano, P. J., Copertino, Thompson and McGinity, JJ., concur.