■ In the Matter of TAMMY GRUTTADAURIA, Respondent-Appellant, v FERDINAND CATAPANO, Appellant-Respondent. [684 NYS2d 792] —In a child support proceeding pursuant to Family Court Act article 5, the father appeals, as limited by his brief, from stated portions of an order of the Family Court, Suffolk County (Lynaugh, H.E.), dated January 10, 1997, which, *inter alia,* only reduced the amount of his weekly child support obligation to $769.40 in accordance with an order of the same court (Dunn, J.), entered December 9, 1996. The mother cross-appeals from stated portions of the order dated January 10, 1997. By decision and order of this Court dated May 11, 1998 [250 AD2d 681], the appeal was held in abeyance and the matter was remitted to the Family Court, Suffolk County, to set forth the factors considered and the reasons for its determination to apply the statutory formula of the Child Support Standards Act to the combined parental income over $80,000. The Family Court, Suffolk County (Lynaugh, H.E.), has filed its report.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In its order entered December 9, 1996, the Family Court properly found that the father's gross income was $240,000 per year (*see,* Family Ct Act § 413 [1] [b] [5] [i], [iv], [v], [vi]; *Matter of Lekutanaj v Lekutanaj,* 234 AD2d 429; *Matter of Maddox v Doty,* 186 AD2d 135; *Matter of Alamo v Alamo,* 168 AD2d 493). Based on this determination the Hearing Examiner issued the order on appeal. The Hearing Examiner's report upon remittitur reflects a careful consideration of her reasons for applying the child support percentage of 17% to the total combined parental income above $80,000, and we perceive no basis for disturbing the determination (*see, Matter of Cassano v Cassano,* 85 NY2d 649; *Matter of Lo Macchio v Lo Macchio,* 247

AD2d 539. Mangano, P. J., Copertino, Thompson and McGinity, JJ., concur.