■ ARTHUR L. JOHNSON, Respondent, v MARIANNE JOHNSON, Appellant. [690 NYS2d 92] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated April 2, 1998, which, *inter alia,* (1) valued and distributed certain marital and business property, (2) directed the plaintiff to pay her the sum of only $100 per week as maintenance for a period of five years, and (3), upon severing issues relating to the custody and visitation of the child of the parties, directed the plaintiff to continue to pay the sum of only $125 per week as child support pending determination of those issues.

Ordered that the judgment is modified by deleting the provision thereof directing the plaintiff to pay the defendant the sum of $100 per week as maintenance for a period of five years; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a new determination on the issue of maintenance in accordance herewith; and it is further,

Ordered that, in the interim, the plaintiff shall continue to

pay the defendant the sum of $100 per week as maintenance until the Supreme Court's determination on the issue of maintenance.

"Equitable distribution presents matters of fact to be resolved by the trial court, and its distribution of the parties' marital property should not be disturbed unless it can be shown that the court improvidently exercised its discretion in so doing" (*Oster v Goldberg,* 226 AD2d 515; *see, Petrie v Petrie,* 124 AD2d 449, 450; *Foxx v Foxx,* 114 AD2d 605, 606). The Supreme Court's valuation and distribution of the marital property in this case was not an improvident exercise of discretion (*see, Oster v Goldberg, supra*).

Contrary to the defendant's contentions, the Supreme Court's decision not to rely upon the testimony of her expert as to the value of the plaintiff's businesses was proper and the record supports the court's determination as to their value and should not be disturbed on appeal (*see, L'Esperance v L'Esperance,* 243 AD2d 446, 447).

Regarding child support, we note that the most appropriate remedy for a perceived inequity in a pendente lite order is a prompt trial (*see, Iaquinto v Iaquinto,* 223 AD2d 581, citing *Mayer v Mayer,* 209 AD2d 271), and such an order will not be modified on appeal except under compelling circumstances (*see, Iaquinto v Iaquinto, supra,* at 581, citing *Raniolo v Raniolo,* 185 AD2d 974). Here, a hearing as to custody and visitation and related issues had already been scheduled at the time of trial and the parties had stipulated to have those issues resolved by the court. Additionally, the defendant has not established the existence of compelling circumstances. Accordingly, we decline to modify the award of pendente lite child support.

However, the Supreme Court failed to set forth any of the factors considered in reaching its determination regarding its award of maintenance pursuant to Domestic Relations Law § 236 (B) (6) (b). Accordingly, the matter must be remitted to the Supreme Court, Orange County, for a new determination to include the basis for the maintenance award (*see, Silbowitz v Silbowitz,* 226 AD2d 699).

The defendant's remaining contentions are without merit. Bracken, J. P., Thompson, Joy and Luciano, JJ., concur.