■ Jeanne T. Tozer, Appellant-Respondent, v Raleigh M. Tozer, Respondent-Appellant. [729 NYS2d 166] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a resettled judgment of the Supreme Court, Rockland County (Sherwood, J.), dated June 12, 2000, which, after a nonjury trial, *inter alia,* awarded her maintenance of only $1,000 per month until December 2002, and child support of only $2,000 per month until the parties' youngest child is emancipated, failed to award her a credit of $12,000 for her separate property contribution to the purchase of the marital home, and directed each of the parties to pay one-half of the college costs of their children, and the defendant cross-appeals, as limited by his brief, from stated portions of the resettled judgment which, among other things, directed him to pay the plaintiff the principal sum of $297,282.25 from a Federal Reserve Thrift Plan, and denied him a credit for a separate property contribution toward the purchase of the marital residence.

Ordered that on the Court's own motion, the notices of appeal and cross appeal from a judgment of the same court dated August 19, 1999, are deemed to be notices of appeal and cross appeal, respectively, from the resettled judgment (*see,* CPLR 5520 [c]); and it is further,

Ordered that the resettled judgment is modified by (1) deleting the provisions thereof setting the amount of maintenance and child support, and directing each of the parties to pay one-half of the college costs of their children, (2) deleting the provision thereof directing the defendant to pay the plaintiff the principal sum of $297,282.25 from a Federal Reserve Thrift Plan and substituting therefor a provision directing the defendant to pay the plaintiff the principal sum of $273,984.25, (3) adding a provision thereto awarding the plaintiff a credit of $12,000 for her separate property contribution to the purchase of the marital home and awarding the defendant a credit in the amount of $48,000 for the same, and deleting the provision directing that the marital residence be listed for sale on September 1, 2001; as so modified, the resettled judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings and a new determination in accordance herewith; and it is further,

Ordered that pending the new determination of the Supreme

Court, Rockland County, the defendant shall pay maintenance, child support, and college costs in accordance with the provisions of the resettled judgment.

The amount and duration of an award of maintenance is committed to the sound discretion of the trial court (*see, Damato v Damato,* 215 AD2d 348; *Loeb v Loeb,* 186 AD2d 174). In rendering such a determination, the court must "consider the payee's spouse's reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors, and then, in [its] discretion, fashion a fair and equitable maintenance award accordingly" (*Hartog v Hartog,* 85 NY2d 36, 52; *see, Damato v Damato, supra*; Domestic Relations Law § 236 [B] [6] [a] [1]-[11]). The Supreme Court did not adequately set forth the basis for its determination as to a proper amount of maintenance. Thus, it cannot be determined whether the Supreme Court considered all of the relevant factors and, if so, how it balanced those factors (*see, Johnson v Johnson,* 261 AD2d 439; *Silbowitz v Silbowitz,* 226 AD2d 699). Accordingly, the matter must be remitted to the Supreme Court for a new determination as to the proper amount of maintenance stating the factors on which it bases its decision.

Similarly, in determining the proper amount of child support, the Supreme Court did not sufficiently articulate the reasons for its determination to permit adequate review (*see, Cassano v Cassano,* 85 NY2d 649; *Gruttadauria v Catapano,* 250 AD2d 681; Domestic Relations Law § 240 [1-b]). Thus, we remit the matter to the Supreme Court for a new determination as to the proper amount of child support, setting forth the reasons for its determination.

We also, therefore, remit the issue of apportionment of college costs for further consideration (*see, Lepore v Lepore,* 276 AD2d 677; *Manno v Manno,* 196 AD2d 488). Based on the defendant's testimony that the parties contemplated paying college costs from the moneys in the Federal Reserve Thrift Plan, the Supreme Court held that, because such moneys were to be divided equally, the parties should bear the cost of their children's education equally. However, since the parties are divorced, the plaintiff will no longer share in the replenishment of the thrift plan over the course of the defendant's continued employment (the parties were each in their early fifties at the time of trial). In light of the large disparity in the parties' incomes, it would be inequitable to compel the plaintiff to invade her share of this retirement fund to pay her share of the children's college costs.

The Supreme Court ordered the moneys in the defendant's

thrift plan to be divided equally. At trial, however, the defendant presented evidence that $48,298 of the amount therein was his separate property (see, Price v Price, 69 NY2d 8; Goldman v Goldman, 248 AD2d 590; Rheinstein v Rheinstein, 245 AD2d 1024; Elmaleh v Elmaleh, 184 AD2d 544). Thus, reducing this amount by $25,000, which he withdrew from that account prior to the commencement of the action, the defendant is entitled to a credit of $23,298. Accordingly, the plaintiff's equitable share of the thrift plan must be reduced from $297,282.25 to $273,984.25.

Depending on, inter alia, the amount and duration of the maintenance award, and the extent of the defendant's other obligations, the Supreme Court should determine whether it is appropriate to order the defendant to obtain insurance in order to secure his obligations under the judgment (see, Domestic Relations Law § 236 [B] [8] [a]; Pauk v Pauk, 232 AD2d 386).

Both parties are entitled to a credit in the amount of the separate property each contributed to the purchase of the marital home (see, Maczek v Maczek, 248 AD2d 835; Robertson v Robertson, 186 AD2d 124). Accordingly, at the closing, the defendant is entitled to a credit of $48,000 and the plaintiff to a credit of $12,000.

We note that the date by which the Supreme Court directed that the marital residence be listed for sale, September 1, 2001, is several years before the time the parties' youngest child could be expected to complete college. The Supreme Court shall reconsider that date, considering, inter alia, the children's expected place of residence during vacations, and the use of the equity in the home to fund any obligation arising from the judgment.

The parties' remaining contentions are without merit. Ritter, J. P., Krausman, S. Miller and Feuerstein, JJ., concur.