■ JOSEPH CERABONA, Appellant, v PATRICIA CERABONA, Respondent. [754 NYS2d 349] —In an action for a separation and ancillary relief, the plaintiff husband appeals from so much of a judgment of the Supreme Court, Rockland County (Weiner, J.), entered April 16, 2002, as directed him to pay the defendant wife lifetime maintenance in the sum of $400 per week and maintenance arrears in the sum of $21,350.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the

Supreme Court, Rockland County, for further proceedings in accordance herewith.

The trial court ordered the husband to pay the wife lifetime maintenance in the sum of $400 per week, retroactive to the commencement of the action. The trial court also directed the husband, who had been paying temporary maintenance in the sum of $300 per week, to pay maintenance arrears of $21,350. The husband argues that the trial court improperly awarded maintenance to the wife and that it incorrectly calculated the amount of arrears due.

"In fixing the amount of a maintenance award, a court must consider the financial circumstances of both parties, including their reasonable needs and means, the payor spouse's present and anticipated income, the benefiting spouse's present and future earning capacity, and both parties' standard of living" (*Morrissey v Morrissey,* 259 AD2d 472, 473; *see Feldman v Feldman,* 194 AD2d 207, 218). While the amount and duration of a maintenance award is generally left to the sound discretion of the trial court (*see Tozer v Tozer,* 286 AD2d 384, 385), in making its award the court must set forth the factors upon which it relied in arriving at its determination (*see* Domestic Relations Law § 236 [B] [6] [b]; *Silbowitz v Silbowitz,* 226 AD2d 699, 700; *Ashhurst-Watson v Watson,* 222 AD2d 542). Although the trial court set forth the factors upon which it relied in setting the wife's award of lifetime maintenance in the instant case, in discussing the income and property of the respective parties, the trial court apparently failed to consider certain assets available to the wife, including her interest in a tax-sheltered annuity, the proceeds of her late father's estate, and her potential Social Security disability payments. In addition, the trial court did not consider the husband's impending retirement due to health reasons and its effect on his income. Although we normally would remit the matter to the Supreme Court, Rockland County, for a new determination only, since it appears that there may have been a significant change of circumstances in this case, we remit the matter to the Supreme Court, Rockland County, for a hearing and a new determination on that issue and the related issue of maintenance arrears. Florio, J.P., Feuerstein, Friedmann and Rivera, JJ., concur.