BARBARA POPELASKI, Respondent, v WILLIAM POPELASKI, Appellant. [803 NYS2d 108]—

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Stack, J.), dated May 12, 2004, (2), as limited by his brief, from so much of a judgment of the same court entered August 10, 2004, as awarded the plaintiff maintenance in the sum of $1,583 per month payable for a period of 10 years, directed him to pay a home equity loan on the former marital residence, held him in contempt for nonpayment of child support and maintenance in violation of two pendente lite orders dated June 12, 2003 and October 9, 2003, respectively, granted the plaintiff a credit for the entire

reduction of principal for the mortgage on the marital premises, awarded the plaintiff a credit of $4,657.11 based on allocating to him the sum of $8,000 for marital funds he expended for his personal use, failed to award him a credit for 50% of the money in two bank accounts held in the plaintiff's name at the time of commencement of the action, and directed that the plaintiff was entitled to declare the parties' three children as dependents on her income tax return, and (3) from an order of the same court dated October 15, 2004, which, in effect, granted the plaintiff's motion for an award of counsel fees to the extent of awarding the plaintiff the sum of $15,000 for counsel fees.

Ordered that appeal from the order dated May 12, 2004, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, the facts and as a matter of discretion, by (1) deleting from the fourth decretal paragraph thereof the provision awarding the plaintiff maintenance in the sum of $1,583 per month for a period of 10 years and substituting therefor a provision awarding her maintenance in the sum of $1,300 per month for a period of 7 years, (2) deleting from the twelfth decretal paragraph thereof the provision granting the plaintiff a credit for reduction of the principal of the mortgage on the marital premises and substituting therefor a provision granting her a credit of only 50% for reduction of the mortgage principal, (3) deleting from the eighteenth decretal paragraph thereof the figure "$4,657.11," and substituting therefor the figure "$457.11," (4) adding a provision thereto granting the defendant a credit of the sum of $2,039.68 for money in the plaintiff's two Fleet Bank accounts at the time of commencement of the action, to be paid upon the sale of the marital residence from the proceeds therefrom, and (5) adding a provision thereto directing that the defendant is entitled to declare the two youngest children as dependents on his income tax returns, that the plaintiff is entitled to declare the parties' oldest child as a dependent on her income tax returns, and that the plaintiff execute the appropriate IRS form(s) in connection therewith; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated October 15, 2004, is reversed, on the law, the facts, and as a matter of discretion, without costs or disbursements, and the plaintiff's motion for an award of counsel fees is denied.

The appeal from the intermediate order dated May 12, 2004 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter*

*of Aho*, 39 NY2d 241 [1976]). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment entered August 10, 2004.

Every case of maintenance must be determined on its unique facts (*see Mazzone v Mazzone*, 290 AD2d 495, 496 [2002]; *Ferro v Ferro*, 19 AD3d 363 [2005]). In making such an award, a court must take into account the reasonable needs of the payor spouse (*see Cerabona v Cerabona*, 302 AD2d 346 [2003]; *Kearns v Kearns*, 270 AD2d 392 [2000]). Under the circumstances of this case, the Supreme Court's award of maintenance to the plaintiff in the amount of $1,583 per month should be reduced to the sum of $1,300 per month. Furthermore, the duration of the maintenance award should be 7 years rather than 10 years.

Contrary to the defendant's contention, the obligation imposed on him by the Supreme Court to pay a home equity loan on the marital residence did not constitute an improper, open-ended obligation since it entailed specific monthly payments and had a predetermined duration (*see Adams v Adams*, 129 AD2d 661 [1987]).

The Supreme Court properly determined that the defendant was in contempt of two pendente lite orders dated June 12, 2003, and October 9, 2003, respectively. The plaintiff's testimony that he failed to comply with the June 12, 2003 and October 9, 2003 orders directing him to make interim child support and maintenance payments in the sum of $430 per month constituted prima facie evidence of willful violation, shifting the burden to the defendant to come forward with some competent, credible evidence of inability to pay as ordered (*see Calvello v Calvello*, 20 AD3d 525 [2005]). The defendant failed to meet that burden (*see Rosato v Rosato*, 21 AD3d 418 [2005]; *Calvello v Calvello, supra*).

The defendant correctly argues that the Supreme Court erred in awarding the plaintiff a credit in the sum of $4,657.11 based on a distribution of the parties' liquid assets. In awarding the credit, the court reduced the defendant's distribution by $8,000 for marital funds he expended for his own use. However, the defendant actually expended $7,600 in marital funds, of which only one half should be allocated to the plaintiff (*see McComish v McComish*, 227 AD2d 454, 454-455 [1996]). Thus, the correct amount of the credit the plaintiff should receive is $457.11.

The defendant also correctly argues that the Supreme Court erred in failing to award him a credit for his share of the money in bank accounts held in the plaintiff's name at the time of commencement of the matrimonial action. Since those funds were marital assets, the defendant should have received a credit

of one half the balances in the accounts, or $2,039.68 (*see* Domestic Relations Law § 236 [B] [1] [c]; [5] [c]).

Under the circumstances of this case, the plaintiff is properly entitled to a credit of only 50%, rather than 100%, of the payments she makes toward reduction of the principal of the mortgage on the marital residence (*see Welsh v Lawler*, 282 AD2d 977 [2001]; *Boyajian v Boyajian*, 194 Misc 2d 756 [2003]).

The Supreme Court erred in determining that the plaintiff was entitled to declare all three of the parties' children as dependents on her income tax returns. Where a noncustodial parent meets all or a substantial part of a child's financial needs, a court may determine that the noncustodial parent is entitled to declare the child as a dependent (*see Junkins v Junkins*, 238 AD2d 480 [1997]; *Burns v Burns*, 193 AD2d 1104 [1993], *affd* 84 NY2d 369 [1994]; *Ochoa v Ochoa*, 159 AD2d 285 [1990]). Here, both parents are wage earners who each contribute toward the support of their three children. Accordingly, under the circumstances of this case, the father may claim the parties' two youngest children as dependents on his income tax returns, while the mother may claim their oldest child as a dependent (*see Junkins v Junkins, supra*).

Although the matter of counsel fees is entrusted to the sound discretion of the trial court, it is nonetheless controlled by the equities of the case and the financial circumstances of the parties (*see* Domestic Relations Law § 237; *Cole v Cole*, 283 AD2d 602 [2001]; *Kwong-Yu Lee v Oi Wa Chan*, 245 AD2d 270 [1997]). The Supreme Court's award of the sum of $15,000 was an improvident exercise of its discretion. Given the defendant's child support and maintenance obligations and considerable debt burden, much of which was incurred for the legitimate purpose of mounting a legal defense to the instant action and ancillary proceedings, it is clear that the defendant, even with the additional income imputed to him by the court, lacks the ability to pay the plaintiff's counsel fees (*see Lewis v Redhead*, 19 AD3d 495 [2005]). In light of our determination, we need not reach the defendant's remaining contentions with respect to the plaintiff's motion for an award of counsel fees. Florio, J.P., Luciano, Skelos and Lifson, JJ., concur.