■ EVANGELIA SEVDINOGLOU, Respondent, v ALEXANDER SEVDINOGLOU, Appellant. [836 NYS2d 680]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Blydenburgh, J.), entered September 22, 2005, as, after a nonjury trial and upon an order of the same court dated February 10, 2005, inter alia, awarded the plaintiff maintenance in the sum of $2,225 per month for 36 months or until the plaintiff's death, remarriage, or cohabitation with a member of the opposite sex pursuant to Domestic Relations Law § 248 and counsel fees in the sum of $14,140.

Ordered that the judgment is modified, on the law and the facts, and in the exercise of discretion, by deleting so much of the fifth decretal paragraph thereof as directed the defendant to pay the plaintiff maintenance in the sum of $2,225 per month for 36 months or until plaintiff's death, remarriage, or cohabitation with a member of the opposite sex pursuant to Domestic Relations Law § 248, and substituting therefor a provision directing that the defendant pay the plaintiff maintenance in the sum of $1,500 per month for 36 months or until her death, remarriage, or cohabitation with a member of the opposite sex pursuant to Domestic Relations Law § 248; as so modified, the judgment is affirmed insofar as appealed from, with costs to the respondent.

The Supreme Court providently exercised its discretion in awarding maintenance to the plaintiff wife. The amount of maintenance to be awarded in a matrimonial action is a matter committed to the sound discretion of the trial court, and every

case must be determined based on its own unique facts (*see* Domestic Relations Law § 236 [B] [6] [a]; *Hathaway v Hathaway*, 16 AD3d 458, 460 [2005]; *Fridman v Fridman*, 301 AD2d 567, 567 [2003]). In determining the appropriate amount and duration of maintenance, the court is required to consider the parties' preseparation standard of living (*see Hartog v Hartog*, 85 NY2d 36, 49-51 [1995]; *Chalif v Chalif*, 298 AD2d 348, 348 [2002]). The court must also consider the reasonable needs of the recipient spouse and the preseparation standard of living in the context of the other factors enumerated in Domestic Relations Law § 236 (B) (6) (a) (*see Hartog v Hartog, supra* at 49-51; *Palumbo v Palumbo*, 10 AD3d 680, 681 [2004]; *Chalif v Chalif, supra*), as well as the reasonable needs of the payor spouse (*see Popelaski v Popelaski*, 22 AD3d 735, 737 [2005]; *see also Cerabona v Cerabona*, 302 AD2d 346, 347 [2003]; *Kearns v Kearns*, 270 AD2d 392, 393 [2000]; *Feldman v Feldman*, 194 AD2d 207, 218 [1993]).

Contrary to the husband's contention, the amount of the distributive award to the wife did not preclude an award of maintenance under the circumstances presented (*see Chalif v Chalif, supra* at 349). However, as the husband correctly argues, the Supreme Court improvidently exercised its discretion in failing to take into account the husband's financial circumstances in fashioning the maintenance award (*see Popelaski v Popelaski, supra* at 737). Accordingly, we modify the judgment to the extent indicated.

The award of reasonable counsel fees in a matrimonial action is a matter within the discretion of the trial court (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]). An award of counsel fees should be based upon, inter alia, the relative financial circumstances of the parties, the relative merits of their positions, and the tactics of a party in unnecessarily prolonging the litigation (*see* Domestic Relations Law § 237 [a], [d]; *DeCabrera v Cabrera-Rosete, supra* at 879; *Levy v Levy*, 4 AD3d 398, 398-399 [2004]; *Krutyansky v Krutyansky*, 289 AD2d 299, 300 [2001]; *Morrissey v Morrissey, supra* at 473). The Supreme Court properly determined that an award of counsel fees to the plaintiff, in the sum of $14,140, was warranted (*see Levy v Levy, supra* at 398-399). Mastro, J.P., Santucci, Krausman and Carni, JJ., concur.