■ STACEY ROBERT, Respondent, v MARTIN ROBERT, Appellant. [858 NYS2d 700]—

In a matrimonial action in which the parties were divorced by judgment dated March 17, 2002, the defendant appeals, as limited his brief, from stated portions of an order of the Supreme Court, Westchester County (Giacomo, J.), entered November 17, 2006, which, after a hearing, inter alia, granted those branches of the plaintiff's motion which were (a) for an award of an attorney's fee to the extent of awarding the sum of $88,000, (b) to direct him to pay for transcription services to the extent of awarding the sum of $1,956, (c) for an award of expert fees, (d) to direct him to pay the fee of the attorney for the children in the sum of $2,000, and (e) for an award of an attorney's fee with respect to the fee hearing, to the extent of awarding the sum of $4,555.

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting from the first decretal paragraph thereof the sum of $88,000 and substituting therefor the sum of $27,500, (2) by deleting the second decretal paragraph thereof, (3) by deleting from the fourth decretal paragraph thereof the sum of $1,956 and substituting therefor the sum of $1,222.25, (4) by deleting the fifth and sixth decretal paragraphs thereof, (5) by deleting from the seventh decretal paragraph thereof the sum of $2,000 and substituting therefor the sum of $1,000, (6) and by deleting from the eighth decretal paragraph thereof the sum of $4,455 and substituting therefor the sum of $1,392.75; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant former husband challenges the award and amount of certain attorney's fees and costs awarded to the plaintiff former wife, and the reapportionment of the parties' respective responsibilities for certain other expert and attorney's

fees, after the denial of his application for a change of primary custody of the parties' children. We modify.

"[I]n exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *see Sevdinoglou v Sevdinoglou*, 40 AD3d 959 [2007]). Such circumstances may also include a determination whether the tactics of a party unnecessarily prolonged the litigation (*see Sevdinoglou v Sevdinoglou*, 40 AD3d 959 [2007]). Here, the Supreme Court's award of fees and costs to the former wife was clearly prompted, in the main, by its determination that the former husband's application for a change of custody was a "knee jerk" reaction to, and intended to "punish," the former wife for having obtained ex parte relief against him which adversely impacted his visitation with the parties' children. However, this determination is not supported by the record. Rather, in the order denying the former husband's application for a change of custody, issued by a different court after an extensive hearing, the court expressly found the former husband's application to be "sincere" and not brought to "hurt" the former wife. Further, that court clearly found the former husband's position to have merit, although it ultimately determined that a change of primary custody would not be in the children's best interests. Finally, the court was not without criticism for the manner in which the former wife handled the events leading up to the former husband's application, and opined that the former wife would not have been granted ex parte relief had the issuing court known more of the facts.

This does not mean, however, that no award to the former wife was warranted. Rather, in light of the financial circumstances of both parties, together with all the other circumstances of the case, an award of 25% of the attorney's fees demanded by the former wife for her attorneys is appropriate, as well as an award of 50% of the remaining fees and costs demanded by her.

The former husband's remaining contentions are without merit. Lifson, J.P., Florio, Ritter and Carni, JJ., concur.