■ RALPH RISPOLI, Appellant, v MADELINE RISPOLI, Respondent.—In an action for a divorce and ancillary relief the defendant husband appeals from a judgment of the Supreme Court, Westchester County (Weiner, J.), dated November 7, 1985, which, after a nonjury trial, *inter alia,* granted the

plaintiff wife a divorce on the ground of cruel and inhuman treatment.

Ordered that the judgment is affirmed, without costs or disbursements.

The determination of the trial court as fact finder on the issue of cruel and inhuman treatment will not lightly be overturned on appeal *(Forcucci v Forcucci,* 96 AD2d 751; *Davis v Davis,* 83 AD2d 547). Since many of the acts of alleged misconduct occurred in private, the finding of cruel and inhuman treatment was based upon the resolution of the parties' conflicting testimony. On this record, we defer to the trial court's determination on this issue of credibility *(see, Day v Day,* 112 AD2d 972; *D'Amato v D'Amato,* 96 AD2d 849). We also note that corroboration is not required to establish acts of cruel and inhuman treatment constituting grounds for divorce *(Borg v Borg,* 107 AD2d 777, *lv denied sub nom. Borg v Corpas,* 65 NY2d 606; *D'Amato v D'Amato, supra).*

While this action involves a marriage of long duration *(see, Brady v Brady,* 64 NY2d 339; *Hessen v Hessen,* 33 NY2d 406), a review of the record supports the trial court's findings as to specific acts of substantial misconduct by the husband during the five years preceding the commencement of this action, including three incidents of physical abuse, which demonstrate that relations between the parties had deteriorated to the point where the wife's mental and physical well-being were placed in jeopardy by continued cohabitation. Under the circumstances, the trial court properly granted the plaintiff a divorce on the ground of cruel and inhuman treatment *(see,* Domestic Relations Law § 170 [1]). Bracken, J. P., Rubin, Eiber and Spatt, JJ., concur.