■ KIER JOHNSON, Respondent, v DANLY MACHINE SPECIAL-

TIES, INC., et al., Appellants, et al., Defendant. DANLY MACHINE CORP., Third-Party Plaintiff-Appellant, v DAYTON TOOL & DIE WORKS, INC., Third-Party Defendant-Appellant.— Amended judgment of the Supreme Court, Bronx County (Lewis Friedman, J.), entered February 8, 1991, upon a jury verdict, which, *inter alia,* awarded plaintiff $850,000 for past pain and suffering, $650,000 for future pain and suffering and $500,000 for future lost earnings, and apportioned liability 45% against defendant Danly Machine Specialties, Inc., 40% against defendant Dayton Tool & Die Works, Inc. (Dayton I), 10% against third-party defendant Dayton Tool & Die Works, Inc. (Dayton II), and 5% against plaintiff, unanimously modified, on the law and the facts, to the extent of remanding the matter for a new trial on the issue of plaintiff's future loss of earnings only, unless plaintiff stipulates, within 20 days after service upon his attorney of a copy of this order with notice of entry, to the entry of an amended judgment reducing the total award in his favor to the principal amount of $1,500,000, in which event the judgment, as so amended and reduced, is unanimously affirmed.

The action arises out of an industrial accident in which plaintiff's dominant right hand was caught in a power press manufactured by defendant Danly and subsequently sold by defendant Dayton I to third-party defendant Dayton II, plaintiff's employer. We affirm the finding of negligence against Danly, plaintiff having demonstrated through expert testimony that it failed to adequately warn Dayton I of a latent defect in the selector dial of the power press that came to Danly's attention following the manufacture of the press *(see, Cover v Cohen,* 61 NY2d 261). Similarly, the jury's finding that Dayton I was comparatively negligent as a casual seller of the press for failing to further warn the ultimate user of a known defect is amply supported by the evidence *(see, Sukljian v Ross & Son Co.,* 69 NY2d 89), and the court properly charged the jury on this theory of liability. There is no merit to Danly's argument that the jury's apportionment of liability is against the weight of the evidence.

While we affirm the award for pain and suffering, the award for future lost earnings deviates materially from what would be reasonable compensation (CPLR 5501 [c]), and is not supported by the evidence. Prior to the injury, the 19-year-old plaintiff was earning $200 a week assisting in the operation of the power press; some nine months after the accident, following his recuperation and return to work at Dayton II as a truck and forklift operator, he was earning $250 to $300 a

week. Evidence that plaintiff later took a television production course in pursuit of a new career is purely speculative on the issue of his future lost earnings. No proof was adduced that plaintiff could have earned more had he continued to work as a press operator than as a truck and forklift operator *(see, Harrison v Dombrowski,* 175 AD2d 37) or that his earnings would have been greater if he had completed his studies and embarked upon a new career. Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Rubin, JJ.