■ MICHELLE B. RICHARDSON, Respondent, v BENJAMIN F. RICHARDSON, Appellant.—Levine, J. Appeals (1) from a judgment of the Supreme Court (Ryan, Jr., J.), entered April 10, 1991 in Clinton County, upon a verdict granting plaintiff a divorce, (2) from a supplemental judgment of said court, inter alia, ordering equitable distribution of the parties' marital property, entered April 10, 1991 in Clinton County, upon a decision of the court, (3) from an order of said court, entered April 10, 1991 in Clinton County, which denied defendant's motion for reconsideration, and (4) from an order of said court, entered August 8, 1991 in Clinton County, which partially granted plaintiff's motion for, inter alia, payment of arrears in child support.

Plaintiff and defendant were married in April 1966 and have three children, now ages 25, 23 and 21. In April 1988, plaintiff left the marital residence and commenced this action for divorce on the ground of cruel and inhuman treatment. The matter subsequently proceeded to trial before a jury, where testimony was offered by both parties, their children and their respective friends. At the conclusion of trial, the jury returned a verdict in favor of plaintiff. Defendant then moved to set aside the verdict as against the weight of the

evidence. Supreme Court denied that motion and issued a judgment of divorce which directed, *inter alia,* that the issues of equitable distribution be set down for trial in December 1990.

Following that trial, Supreme Court issued a supplemental judgment of divorce which incorporated the earlier judgment and distributed the parties' marital property. Defendant's subsequent motion to reconsider the equitable distribution portion of the supplemental judgment was denied. Shortly thereafter, plaintiff moved for and was granted an order directing, *inter alia,* the payment of approximately $6,000 in child support arrears by defendant. These appeals by defendant followed.

We note initially that, although defendant appeals from the judgment and supplemental judgment of divorce, the order denying his motion for reconsideration and the order directing payment of support arrears, the arguments contained in his brief on appeal relate solely to the issue of whether plaintiff was properly granted a divorce on the ground of cruel and inhuman treatment. Consequently, his appeals with respect to the equitable distribution award, the denial of his motion for reconsideration and the enforcement of his child support obligation are deemed abandoned *(see, Kramer & Sons v Facilities Dev. Corp.,* 113 AD2d 97, 100; *Heroux v Page,* 107 AD2d 862, 863-864).

We now turn to defendant's claim that the verdict should be set aside as either unsupported by sufficient evidence or against the weight of the evidence. We disagree. The evidence at trial, viewed in the light most favorable to plaintiff as the prevailing party *(see, Ziecker v Town of Orchard Park,* 75 NY2d 761, 762), established that the parties began arguing weekly in 1986 and that the arguing escalated in frequency and intensity in 1987, particularly after plaintiff returned from a three-month stay at an academy where she trained as an immigration inspector. At that time, the parties would argue daily starting in the early evening and continuing until 3:00 A.M. or 4:00 A.M. According to plaintiff, defendant would physically manipulate her into a face to face confrontation and would not permit her to fall asleep until she conceded to his position. Defendant would also interrogate plaintiff daily regarding money and her friendships with other men at the academy, open her mail and accuse her of infidelity and of having been brainwashed and having lost her morals. After finding books that plaintiff was reading on astrology, defendant accused plaintiff of being involved with witchcraft and

told at least one of the parties' children and a family friend that she was possessed by the devil. Plaintiff testified that defendant pressured her to perform sexual acts which were physically painful or humiliating to her and caused her to vomit. Two of plaintiff's coemployees testified that plaintiff appeared distraught, tired and experienced changes in her physical appearance after returning from the academy. Finally, defendant, while denying the majority of plaintiff's allegations, admitted that plaintiff's physician was concerned about her mental health and that he had been told by plaintiff's physician that she needed help.

In our view, the foregoing proof sufficiently demonstrated more than mere incompatibility or occasional marital discord in a long-term marriage (see, McKilligan v McKilligan, 156 AD2d 904, 906; cf., Brady v Brady, 64 NY2d 339, 343) and was adequate to support the jury's determination that defendant's conduct toward plaintiff constituted cruel and inhuman treatment (see, Domestic Relations Law § 170 [1]). Defendant's repeated false accusations of infidelity, brainwashing and involvement with witchcraft, together with the physical and emotional strain caused by defendant's insistence that plaintiff conform to his sexual wishes and his habit of keeping plaintiff awake until she would agree with him, clearly undermined the marital relationship and had a deleterious effect on plaintiff's mental well-being such that continued cohabitation was improper (see, Wilbourne v Wilbourne, 173 AD2d 289; McKilligan v McKilligan, supra; Rispoli v Rispoli, 131 AD2d 556, 557, lv denied 70 NY2d 609). That only one of the parties' three children testified to any problems in the marriage is not determinative, as much of the maltreatment occurred in private and such acts do not require corroboration (see, Cutson v Cutson, 161 AD2d 996, 997; Rispoli v Rispoli, supra). Accordingly, we conclude that the verdict was supported by legally sufficient evidence and that it was not against the weight of the evidence (see, Johnson v Oval Pharmacy, 165 AD2d 587, 592-593, lv denied 78 NY2d 859).

The only other issue warranting any discussion concerns defendant's contention that Supreme Court erred in refusing his request for "some form of a charge to the jury regarding the more stringent standard for cruel and inhuman treatment in a marriage of long duration". Aside from the fact that this request was somewhat ambiguous, it was made by defendant's counsel and denied by Supreme Court at the close of proof and no further objection was raised or exception taken to the charge after it was given, despite the opportunity given by the

court to do so. Thus, it would appear that defendant failed to preserve this point for our review (see, CPLR 4110-b, 5501 [a] [3]; *Byrd v Genesee Hosp.*, 110 AD2d 1051, 1052). In any event, it was for Supreme Court in the first instance to determine whether, in view of all of the circumstances including the length of the marriage, plaintiff met her burden of proving a prima facie case of cruel and inhuman treatment so as to warrant submission to the jury (see, e.g., *Anderson v Anderson*, 58 AD2d 679, 680). The court properly instructed the jury, *inter alia,* that "cruel and inhuman treatment means something more than occasional strife or lack of domestic harmony", and we disagree with defendant that it was also required to instruct that plaintiff's proof had to be of a higher degree because of the duration of the parties' marriage (see, 2 NY PJI 5:6, at 391 [2d ed] [1991 Supp]). We have examined defendant's remaining arguments and find them to be without merit.

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment and supplemental judgment, insofar as it granted plaintiff a divorce on the ground of cruel and inhuman treatment, are affirmed, with costs. Ordered that the appeals from the equitable distribution portion of the supplemental judgment and orders, entered April 10, 1991 and August 8, 1991, are dismissed, as abandoned, with costs.