■ LINDA R. H., Respondent-Appellant, v RICHARD E. H., Appellant-Respondent. [612 NYS2d 656] —In a matrimonial action in which the parties were divorced in 1988, the defendant appeals (1) from an order of the Supreme Court, Nassau

County (Saladino, J.), dated June 16, 1992, which awarded the plaintiff $19,500 in counsel fees and (2) as limited by his brief, from so much of an amended judgment of the same court, dated October 21, 1992, as directed him to pay, *inter alia,* $40,900 per year for the support of the parties' two children, including the mortgage and taxes on the marital residence, and all of the children's health-care expenses. The plaintiff cross-appeals, as limited by her brief, from so much of the amended judgment as awarded her only $40,900 per year for child support.

Ordered that the order is affirmed, without costs or disbursements; and it is further,

Ordered that the amended judgment is modified, on the law and on the facts, by (1) deleting therefrom the second decretal paragraph directing the defendant to pay $40,900 per year for child support, and (2) deleting the ninth decretal paragraph directing the defendant to pay all of the children's health-care expenses; as so modified, the amended judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that pending new determinations with regard to child support and the children's health-care expenses, the defendant shall continue to comply with the amended judgment.

The parties were divorced in 1988 on the ground of constructive abandonment. After a 23-day trial in 1989, custody of the parties' two children was awarded to the defendant. In 1990, this Court reversed the custody determination, granted custody of the parties' two children to the plaintiff, and remitted the matter to the Supreme Court to determine the issues of visitation, child support and maintenance, occupancy of the marital residence, and equitable distribution *(see, Linda R. v Richard E.,* 162 AD2d 48). Prior to the Supreme Court's determination of these issues, the defendant voluntarily vacated the marital premises, and the issue of visitation was resolved amicably by the parties. The defendant was subsequently ordered to pay, *inter alia,* $2,700 per month in child support, the carrying charges on the marital home, and the cost of sending the children to camp.

Domestic Relations Law § 240 (1-b) (c) provides in pertinent part that, in determining the amount of the basic child support obligation, the court shall (1) determine the combined

parental income, (2) multiply the combined parental income up to $80,000 by the appropriate child support percentage, and (3) pro rate the resulting amount between the parents in accordance with the ratio that each parent's income bears to the combined parental income. When the combined parental income exceeds $80,000, the court shall determine the amount of child support for the combined parental income in excess of $80,000 by considering the factors set forth in Domestic Relations Law § 240 (1-b) (f), by applying the appropriate percentages, or both (see, Steel v Steel, 152 Misc 2d 880).

The Supreme Court applied this formula to an approximate combined parental income of $225,000 and directed the defendant to pay 72% of the child support obligation on the first $80,000 of combined parental income. The court also directed the defendant to pay another $1,500 per month as the defendant's child support obligation on the combined parental income over $80,000. However, the court ignored Domestic Relations Law § 240 (1-b) (b) (5) (i), which requires that foregoing formula be applied to the "gross * * * income [which] should have been or should be reported in the most recent federal income tax return". The Supreme Court based its calculations on an approximation of the parties' income and not the parties' most recent Federal income tax returns. Thus, it failed to comply with the statute (see, Malatino v Malatino, 185 AD2d 605). Further, the Supreme Court failed to properly consider the part-time income that the plaintiff had earned working as a nurse.

Shelter costs attributable to the children are inherent in the basic child support obligation set forth in Domestic Relations Law § 240 (Ryan v Ryan, 186 AD2d 245, 246; Chasin v Chasin, 182 AD2d 862). An order directing payment by one party of all the carrying charges on the marital home, including the mortgage, taxes, and utilities, results in child support payments in excess of the statutory guidelines (see, Ryan v Ryan, supra; Meyer v Meyer, 173 AD2d 1021). It was, therefore, improper for the Supreme Court to order the defendant to pay the carrying charges on the marital home in addition to the child support obligation fixed by the Domestic Relations Law without, at least, stating the reasons therefor (see, Chasin v Chasin, supra).

In order to arrive at a just and appropriate award, the Supreme Court must subtract the amount of the annual carrying charges from the parties' gross income before applying the statutory percentages (see, Krantz v Krantz, 175 AD2d 863). Here, the Supreme Court properly recognized that the

carrying charges should be credited towards the child support obligation. The court, however, should have subtracted the fixed carrying charges, i.e., the mortgage payments and the real estate taxes which represent the bulk of the carrying charges, from the parties' gross income before applying the statutory percentages.

Domestic Relations Law § 240 (1-b) (c) (5) provides that the court shall pro rate each parent's share of the children's reasonable health-care expenses which are not covered by insurance in the same proportion as each parent's income is to their combined income. Here, the Supreme Court, without differentiating between insured and uninsured expenses, allocated all of the children's medical, dental, and orthodontic costs to the defendant. The court should have distinguished between the uninsured costs and those costs that are covered by insurance.

We find no merit to the remaining contentions. Mangano, P. J., Bracken, Pizzuto and Hart, JJ., concur.