■ DAGMAR RHEINHEIMER, Respondent, v KURT W. RHEINHEI-MER, Appellant. [652 NYS2d 410] —Casey, J. Appeal from a judgment of the Supreme Court (Tait, Jr., J.) granting plaintiff a divorce and ordering, *inter alia*, equitable distribution of the parties' marital property, entered April 26, 1995 in Chenango County, upon a decision of the court.

Upon the bifurcated trial of this matrimonial action, Supreme Court first found that plaintiff was entitled to a divorce based on cruel and inhuman treatment, and then the court proceeded to the issues of custody, child support, maintenance and equitable distribution. Defendant appeals from the resulting judgment, arguing first that plaintiff was not entitled to a divorce. It is well settled that a showing of irreconcilable or irremediable differences is insufficient by itself to establish cruel and inhuman treatment and where, as here, there is a marriage of long duration, a high degree of proof of cruel and inhuman treatment is required; an isolated act of mistreatment will rarely suffice (*see, Brady v Brady,* 64 NY2d 339, 343-344). In this case, however, plaintiff presented ample evidence that defendant engaged in a course of conduct, including verbal and physical abuse, which was harmful to plaintiff's well-being and made cohabitation unsafe (*see, Spinelli v Spinelli,* 160 AD2d 992; *Rispoli v Rispoli,* 131 AD2d 556, *lv denied* 70 NY2d 609). Defendant's denial of many of the events created a question of credibility and we see no basis to disturb Supreme Court's resolution of that question (*see, Rispoli v Rispoli, supra*).

Defendant also challenges Supreme Court's findings and conclusions with regard to marital property, distribution of that property, maintenance and child support. On the issue of marital property, defendant contends that certain real property is his separate property because it was given to him by his parents, and that other real property is only one third marital property because two of the parties' sons own the other two-third interest in the property. At trial, plaintiff testified that both properties were purchased entirely with marital funds and that she never consented to any transfer of title. Supreme Court chose to credit plaintiff's testimony over that presented by defendant, and the record in this case provides no basis for this Court to disturb Supreme Court's determination of credibility (*see, Daisernia v Daisernia,* 188 AD2d 944, 945; *Monette v Monette,* 177 AD2d 802).

Defendant contends that he is entitled to 50% of the marital property but, as noted by Supreme Court, there is no requirement that equitable distribution be equal distribution (*see, Ar-*

*vantides v Arvantides*, 64 NY2d 1033, 1034). In making an award of 60% of the marital property to plaintiff and 40% to defendant, Supreme Court considered the relevant factors (*see,* Domestic Relations Law § 236 [B] [5] [d]), including the length of the marriage, plaintiff's loss of inheritance rights in defendant's separate property, the relative contributions of the parties and their respective needs and circumstances. There is ample support in the record for Supreme Court's discretionary determination (*see, Fleitz v Fleitz*, 223 AD2d 946, 948, *lv denied* 88 NY2d 802).

Defendant argues that the maintenance and child support awards are erroneous because Supreme Court used an income figure which defendant describes as false, exaggerated, fabricated and imaginary. In assessing defendant's earning capacity for the purposes of maintenance (*see,* Domestic Relations Law § 236 [B] [6] [a] [3]) and his income for the purposes of child support (*see,* Domestic Relations Law § 240 [1-b] [b] [5]), Supreme Court took into account the $300 per week in income produced by defendant's self-employment in a business that he voluntarily discontinued at about the time plaintiff commenced this action. The court also took into account the rental income defendant could have earned by renting an apartment which defendant claimed was not rented.

Defendant contends that he was forced to retire because of knee problems. Supreme Court gave no credence to defendant's claim of disability, a decision clearly supported by the timing of defendant's retirement, the absence of any medical evidence of disability and defendant's decision not to seek disability benefits when he learned that he would have to submit medical evidence with his application. Defendant faults Supreme Court for failing to request medical evidence, but the absence of such evidence is clearly the result of defendant's failure to submit it at trial. There is ample evidence in the record to support Supreme Court's decision to impute income to defendant on the basis of his former self-employment and the unrented apartment (*see, Matter of Liebman v Liebman*, 229 AD2d 778). The court considered the relevant factors in making the non-durational award of maintenance of $200 per week and we will not disturb the award, as it is clearly appropriate in this case (*see, Roffey v Roffey*, 217 AD2d 864, 866-867).

We have considered defendant's arguments addressed to the numerous findings and conclusions of Supreme Court and find them meritless on the basis of the evidence in the record. The judgment should, therefore, be affirmed.

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.