■ B. Lynne Murphy, Respondent, v Thomas C. Murphy, Appellant. [693 NYS2d 699] —Spain, J. Appeal from an amended judgment of the Supreme Court (Rumsey, J.), ordering, *inter alia*, equitable distribution of the parties' marital property, entered April 7, 1998 in Tompkins County, upon a decision of the court.

The parties were married in 1966. In 1986, plaintiff was diagnosed with a debilitating disease and her physical condition slowly deteriorated. They separated in 1990 when plaintiff left the marital residence. In 1992, plaintiff commenced a divorce action and defendant counterclaimed. During the time period after the divorce proceedings were commenced, defendant's earnings ranged from approximately $50,000 to $81,000 per year from his employment with the State, while plaintiff was earning approximately $15,000 to $21,000 per year working part time as a registered nurse. In June 1996, at the age of 52, defendant retired from his job with the State after more than 30 years of service to pursue a career in nursing. Notably, defendant opted to receive a pension payout without a death benefit which resulted in a higher annual retirement income.

In January 1997, at the time of the divorce trial, both parties were unemployed as defendant was enrolled in college pursuing a Bachelor's degree in nursing and plaintiff was out

of work. During the course of the trial, the parties entered into an oral stipulation in which they agreed to a mutual decree of divorce and to waive all claims against one another with respect to maintenance. As to equitable distribution, the parties stipulated that 85.3% of defendant's pension was marital property. Defendant sought an even split of the marital portion of the pension proceeds while plaintiff sought more than half of said proceeds. The parties expressly agreed that Supreme Court could determine the distribution of the marital portion of defendant's pension based, in part, upon its determination related to the need to fund health insurance and/or life insurance for plaintiff, a critical issue for her in view of her illness and the fact that pension payments would cease upon defendant's death.

After receiving the parties' submissions on these issues, Supreme Court determined that plaintiff was entitled to 60% of the marital portion of the pension proceeds, with plaintiff responsible for paying for her own health insurance coverage, and defendant responsible for purchasing life insurance on his life for plaintiff's benefit. Defendant moved to modify the judgment of divorce on the grounds that Supreme Court violated the parties' stipulation by awarding plaintiff 60% of the marital portion of the pension proceeds and, at the same time, requiring defendant to purchase life insurance for plaintiff's benefit. Thereafter, while adhering to its 60/40 split in favor of plaintiff, Supreme Court amended its judgment by striking the provision ordering defendant to provide life insurance, finding that plaintiff should purchase life insurance at her own expense. Defendant now appeals from the amended judgment.

We affirm, rejecting defendant's assertion that Supreme Court abused its discretion in awarding plaintiff 60% of the marital portion of the pension. The record reveals that the parties entered into a stipulation, which survived the judgment of divorce, whereby 85.3% of defendant's pension plan was considered marital property and reposing in Supreme Court the discretion to vary the division of the marital portion of the pension proceeds based upon its determination as to how insurance benefitting plaintiff would be funded. In other words, depending upon which party was found to be responsible for funding the health insurance and/or life insurance, Supreme Court would—and could—adjust the equitable distribution of the marital property in order to cover the costs of such insurance. As such, Supreme Court retained discretion to award plaintiff a larger portion of marital property depending upon whether she would be responsible for funding her own health

and/or life insurance. In making its determination Supreme Court considered the relevant factors enumerated in Domestic Relations Law § 236 (B) (5) (d), including the length of the parties' marriage, the age and health of the parties, the future financial circumstances of each party and their incomes at the time of marriage and at the commencement of the divorce, the fact that any pension benefits received by plaintiff would cease upon defendant's death, along with the other circumstances of the case and the parties' respective needs (*see, Kobylack v Kobylack*, 111 AD2d 221, 224).

Despite defendant's contentions that the equitable distribution award was unfair, there is ample evidence in the record to support Supreme Court's discretionary determination (*see, Rheinheimer v Rheinheimer*, 235 AD2d 742, 743). In our view, Supreme Court was in the best position to evaluate all the factors and circumstances of this case (*see, Munson v Munson*, 250 AD2d 1004) and acted well within the parameters of the parties' stipulation.

We have considered defendant's remaining contentions, including his assertion that the stipulation did not permit Supreme Court to consider plaintiff's physician's testimony, and find them to be without merit.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the amended judgment is affirmed, with costs.