■ Rita Levy, Respondent-Appellant, v Robert T. Levy, Appellant-Respondent. Noel W. Hauser and Associates, Nonparty Respondent-Appellant. [734 NYS2d 247] —In a consolidated action for a divorce and ancillary relief, and to set aside a fraudulent conveyance, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Kings County (Rigler, J.), entered April 27, 2000, which, after a nonjury trial, *inter alia,* (1) dissolved the parties' marriage on the ground of his cruel and inhuman treatment of the plaintiff wife, (2) awarded ownership of the marital residence to the plaintiff, (3) failed to equitably distribute the value of the brokerage account with Robert M. Cohen & Company, Inc., which was in the plaintiff's name, (4), in effect, failed to equitably distribute the value of the plaintiff's real estate brokerage license, and (5) awarded counsel fees to the plaintiff in the sum of $18,000, and the plaintiff and the nonparty, Noel W. Hauser and Associates, cross-appeal on the ground of inadequacy, from so much of the same judgment as awarded the plaintiff only $18,000 in counsel fees.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

It is well settled that the determination of what constitutes cruel and inhuman treatment during a marriage is dependent upon the circumstances of each case, and that the Supreme Court's determination in that regard is entitled to great deference (*see, Brady v Brady,* 64 NY2d 339; *French v French,* 262 AD2d 280). Here, the defendant's testimony denying the plaintiff's allegations merely raised a credibility question, which the Supreme Court was entitled to resolve in the plaintiff's favor (*see, French v French, supra*).

The Supreme Court properly determined that the marital residence and the defendant's commercial property, both purchased during the marriage, were marital property (*see,*

Domestic Relations Law § 236 [B] [1] [c]). The record supports the Supreme Court's conclusion that the defendant failed to adequately prove that he contributed any separate funds to the purchase of these two properties. The Supreme Court also properly found that the brokerage account with Robert M. Cohen & Company, Inc., which was in the plaintiff's name, was the plaintiff's separate property. The testimony adduced at trial established that the plaintiff's brother funded the account in her name so that she could purchase certain stock for which she had signed a subscription agreement. The entire proceeds of the account were immediately transferred to the plaintiff's brother after the stock purchase was completed. The defendant's contention that he is entitled to a portion of the value of the plaintiff's real estate brokerage license is not preserved for appellate review, as he never raised the issue before the Supreme Court (*see, Matter of Star Leslie W.*, 63 NY2d 136, 145).

The Supreme Court providently exercised its discretion in awarding counsel fees to the plaintiff, since the defendant tried to conceal his assets (*see,* Domestic Relations Law § 237 [a]; *Ferina v Ferina*, 286 AD2d 472). Altman, J. P., Smith, Adams and Prudenti, JJ., concur.