■ FLORENCIA FLORES, Appellant-Respondent, v PARKCHESTER PRESERVATION COMPANY, L.P., et al., Defendants, and PARKCHESTER SOUTH CONDOMINIUM, Respondent-Appellant. [839 NYS2d 735]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered September 27, 2005, which, after a jury verdict awarding plaintiff $200,000 for past pain and suffering, $800,000 for future pain and suffering, $585,115 for past lost earnings, $1 million for future lost earnings, $476,336 for past medical expenses, and $2,658,742 for future medical expenses, granted defendant-respondent-appellant's posttrial motion pursuant to CPLR 4404 (a) to the extent of directing a new trial on the issue of damages unless plaintiff stipulated to accept reduced awards of $100,000 for past and future pain and suffering, $105,300 for past lost earnings, $946,000 for future lost earnings, $25,075.30 for past medical expenses, and $500,000 for future medical expenses, and a purportedly reduced award of $250,000 for loss of enjoyment of life, unanimously modified, on the law and the facts, to vacate any separate award of damages for loss of enjoyment of life, and to direct a new trial on damages for past and future pain and suffering, future lost earnings and future medical expenses unless, within 30 days of service of a copy of this order with notice of entry, plaintiff stipulates to reduced awards of $100,000 for past pain and suffering, $250,000 for future pain and suffering, $425,000 for future lost earnings, and $250,000 for future medical expenses, and otherwise affirmed, without costs.

The verdict was mistakenly recorded as $4,720,193. This was

obviously attributable to mere arithmetic error, and we hereby correct the record to reflect the actual total of the jury's awards, which is $5,720,193 (CPLR 5019 [a]; *see Bauman v Bauman*, 200 AD2d 380 [1994], *lv dismissed in part and denied in part* 83 NY2d 995 [1994]).

Plaintiff, a 24-year-old home health attendant, fractured her elbow when she fell on defendant's property. Although the trial court's proposed reduction of the pain and suffering awards to an aggregate award of $100,000 was excessively sharp, a reduced award of $350,000 would be appropriate (*cf. Chisholm v Madison Sq. Garden Ctr.*, 289 AD2d 168 [2001]). The fracture sustained by plaintiff is distinguishable from the more serious injuries involved in the cases upon which she relies.

Although the trial court purported to reduce a jury award of $1 million for loss of enjoyment of life to $250,000, the jury made no award for loss of enjoyment of life. The law is clear that loss of enjoyment of life is not a separate element of damages deserving a distinct award, but only a factor to be considered by the jury in assessing damages for conscious pain and suffering (*Nussbaum v Gibstein*, 73 NY2d 912 [1989]). Accordingly, any separate award for loss of enjoyment of life must be vacated.

The jury's awards of $1 million for future lost earnings and $2,658,742 for future medical expenses are against the weight of the evidence (*see e.g. Lantigua v 700 W. 178th St. Assoc., LLC*, 27 AD3d 266, 267 [2006]; *Johnson v Danly Mach. Specialties*, 183 AD2d 592, 593-594 [1992], *lv denied* 82 NY2d 657 [1993]).

Although plaintiff's expert economist projected future lost earnings of $915,168 over a period of 32.38 years, that projection was based on plaintiff's total inability to work in the future. However, plaintiff's vocational rehabilitation expert admitted that plaintiff was not "totally disabled," and estimated that in a "best case scenario" she probably "lost fifty percent of her work life." Under that scenario, the economist projected that plaintiff's future lost earnings would amount to $356,538 if plaintiff received no pay raises, and $643,891 if plaintiff received raises of 3½%. Given the speculative nature of any raises she might receive, we find that an award of $425,000 for future lost earnings would be reasonable under the circumstances.

With regard to future medical expenses, we note that many of the categories of plaintiff's medical expenses appear to overlap, such as pain management, pain medication, physical therapy and steroid injections, and at least two of those categories were not supported by testimony from any physician regarding their

actual cost. We also discern numerous uncertainties in the experts' projections, including the possible need for future elbow surgery and the duration of plaintiff's need for physical therapy and steroid injections. Accordingly, we find that an award of $250,000 would be reasonable to compensate plaintiff for the cost of any future medical expenses.

The parties' remaining arguments for affirmative relief are unavailing. Concur—Friedman, J.P., Nardelli, Gonzalez, McGuire and Malone, JJ.