■ LINDA CURATOLA, Respondent, v ANTHONY CURATOLA, Appellant. [842 NYS2d 520]—

In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from so much of a judgment of the

Supreme Court, Nassau County (Gartenstein, J.H.O.), entered December 21, 2005, as, upon a decision of the same court dated August 16, 2005, made after a nonjury trial, awarded the wife a divorce on the ground of cruel and inhuman treatment, directed him to pay child support in the sum of $2,107 per month, directed him to pay child support arrears in the sum of $61,420, distributed 60% of the equity in the marital residence to the wife and 40% of the equity to him, and directed him to pay the sum of $39,732 to the wife's counsel.

Ordered that the judgment is modified, on the law, by deleting subparagraph (h) of the fifth decretal paragraph thereof directing the husband to pay child support arrears in the sum of $61,420, and by deleting the eighth decretal paragraph thereof directing the husband to pay child support in the sum of $2,107 per month; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that the husband shall continue to pay child support in the sum of $2,107 per month until the Supreme Court, Nassau County, makes a new determination of child support and child support arrears in accordance herewith.

Contrary to the husband's contention, the wife presented ample evidence that he engaged in a course of conduct, including verbal and physical abuse, which was harmful to her well-being and made cohabitation unsafe (*see* Domestic Relations Law § 170 [1]). Although the husband denied the allegations of abuse, his denials merely created a question of credibility, which the Supreme Court emphatically resolved against him (*see Rheinheimer v Rheinheimer,* 235 AD2d 742 [1997]). The trial court has broad discretion to determine the issue of cruel and inhuman treatment. Its determination will not be lightly overturned on appeal, and we decline to do so here (*see Dunne v Dunne,* 172 AD2d 482 [1991]; *Rispoli v Rispoli,* 131 AD2d 556 [1987]; *Davis v Davis,* 83 AD2d 547 [1981]).

The Supreme Court, however, improperly calculated the husband's monthly income when it based its calculations, in part, on the rental income the husband received from subletting his studio space, without deducting from that rental income the amount the husband paid to his landlord in base rent for the studio space (*see Haas v Haas,* 265 AD2d 887 [1999]; *Bottitta v Bottitta,* 194 AD2d 510 [1993]). Thus, we remit the matter to the Supreme Court for a new determination as to the husband's monthly income, as well as the appropriate child support and concomitant child support arrears based on such income (*see Coull v Rottman,* 35 AD3d 198, 200 [2006]).

Further, the Supreme Court erred in directing the husband to pay child support in the sum of $2,107 per month, which sum included the provision of a shelter allowance, while also directing him to reimburse his wife for 40% of the carrying charges for the marital residence. Such an award resulted in the payment of a double shelter allowance (*see Cohen v Cohen,* 286 AD2d 698 [2001]; *Linda R.H. v Richard E.H.,* 205 AD2d 498 [1994]; *Ryan v Ryan,* 186 AD2d 245 [1992]; *Krantz v Krantz,* 175 AD2d 865 [1991]). In order to arrive at a just and appropriate award, the Supreme Court should have subtracted the fixed carrying charges attributable to the marital residence, i.e., the mortgage payments and real estate taxes, from the parties' gross income before applying the statutory percentages (*Linda R.H. v Richard E.H.,* 205 AD2d at 500-501). Once the appropriate amount of child support is determined, the amount of child support arrears should be adjusted accordingly. In addition, the Supreme Court should amend the judgment to reflect that the husband's obligation for payment of child support will end upon the emancipation of each of the couple's two sons.

The Supreme Court providently exercised its discretion by deducting the sum of $39,732 for the wife's counsel fees from the husband's distributive award of 40% of the equity in the marital residence because the husband's obstructionist tactics unnecessarily prolonged the litigation (*see Bengard v Bengard,* 5 AD3d 340 [2004]; *Krigsman v Krigsman,* 288 AD2d 189 [2001]; *Saasto v Saasto,* 211 AD2d 708 [1995]).

The husband's remaining contentions are without merit. Ritter, J.P., Santucci, Balkin and McCarthy, JJ., concur.