■ ELLEN BLUTH, Respondent, v HARVEY BLUTH, Appellant. [846 NYS2d 334]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Strauss, J.), entered October 27, 2006, as, after a nonjury trial, granted the plaintiff a divorce on the ground of cruel and inhuman treatment.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In order to obtain a divorce on the ground of cruel and inhuman treatment, the plaintiff must prove by a preponderance of the credible evidence that the defendant's conduct "so endan-

gers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]; *Brady v Brady*, 64 NY2d 339, 343 [1985]; *Collins v Collins*, 284 AD2d 743, 745 [2001]). The plaintiff must show "serious misconduct" on the defendant's part, rather than the parties' "mere incompatibility" (*Hessen v Hessen*, 33 NY2d 406, 410 [1974]). When a marriage is of long duration, the plaintiff has the burden of establishing cruel and inhuman treatment by a high degree of proof (*see Archibald v Archibald*, 15 AD3d 431, 432 [2005]; *Biegeleisen v Biegeleisen*, 253 AD2d 474, 475 [1998]). A trial court has broad discretion to determine the issue of cruel and inhuman treatment, and its determination will not be lightly overturned on appeal (*see Curatola v Curatola*, 43 AD3d 974 [2007]; *Dunne v Dunne*, 172 AD2d 482, 483 [1991]).

Contrary to the defendant's contention, the plaintiff sustained her burden of establishing that the defendant engaged in a course of conduct which was harmful to her physical and mental well being and made it unsafe or improper for her to cohabit with him. Accordingly, the Supreme Court properly granted her a divorce on the ground of cruel and inhuman treatment (*see Reed v Reed*, 13 AD3d 602, 603 [2004]; *Levine v Levine*, 2 AD3d 498, 500 [2003]; *Bulger v Bulger*, 88 AD2d 895, 896 [1982]; *cf. Cauthers v Cauthers*, 32 AD3d 880, 881 [2006]). Miller, J.P., Ritter, Skelos and Covello, JJ., concur.