■ MARTA LUONGO, Respondent, v JOSEPH L. LUONGO, Appellant, et al., Defendant. [856 NYS2d 636]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Orange County (Owen, J.), dated July 26, 2006, which, after a nonjury trial, inter alia, (1) awarded the plaintiff a divorce on the ground of cruel and inhuman treatment, (2) awarded the plaintiff child support in the sum of $1,057.15 per month, (3) awarded the plaintiff a share of his pension and variable supplement fund benefits, and (4) awarded the plaintiff an attorney's fee in the sum of $6,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The determination of what constitutes cruel and inhuman treatment during a marriage is dependent on the circumstances of the case, and the trial court's determination of this issue will not lightly be overturned on appeal (*see Bluth v Bluth*, 45 AD3d 796 [2007]; *Curatola v Curatola*, 43 AD3d 974 [2007]; *Levy v Levy*, 289 AD2d 379 [2001]; *French v French*, 262 AD2d 280 [1999]). Here, the plaintiff satisfied her burden of demonstrating that the defendant engaged in conduct, including two physi-

cal assaults, which was harmful to her physical and mental well-being and made it unsafe or improper for her to cohabit with him (*see* Domestic Relations Law § 170 [1]; *Bluth v Bluth,* 45 AD3d 796 [2007]; *Acito v Acito,* 21 AD3d 1044 [2005]; *Reed v Reed,* 13 AD3d 602 [2004]). The defendant's denial that he engaged in such conduct presented a credibility question which the court was entitled to resolve against him (*see Fuegel v Fuegel,* 271 AD2d 404 [2000]; *French v French,* 262 AD2d 280 [1999]). Accordingly, the court properly awarded the plaintiff a divorce on the ground of cruel and inhuman treatment.

Furthermore, the court properly calculated the defendant's monthly child support obligation without crediting him for Social Security benefits which the children receive due to his disability. "[A]lthough a dependent child's Social Security benefits are derived from the disabled parent's past employment, they are designed to supplement existing resources and are not intended to displace the obligation of the parent to support his or her children" (*Matter of Graby v Graby,* 87 NY2d 605, 611 [1996]; *see Matter of Weymouth v Mullin,* 42 AD3d 681 [2007]; *Matter of Wrighton v Wrighton,* 23 AD3d 669 [2005]; *Matter of Pinto v Putnam County Support Collection Unit,* 295 AD2d 350 [2002]).

The court did not err in directing distribution of the defendant's pension and variable supplement fund benefits in accordance with the equitable distribution formula set forth in *Majauskas v Majauskas* (61 NY2d 481 [1984]). Pensions represent a form of deferred compensation paid after retirement in lieu of greater compensation during the period of employment (*see Olivo v Olivo,* 82 NY2d 202, 207 [1993]; *Majauskas v Majauskas,* 61 NY2d at 491-492), and the nonemployee spouse is entitled to share in the pension of the employee spouse as well as supplements to existing pension benefits, such as variable supplement fund benefits (*see DeLuca v DeLuca,* 97 NY2d 139, 145 [2001]; *Olivo v Olivo,* 82 NY2d at 209-210; *Pagliaro v Pagliaro,* 31 AD3d 728 [2006]).

The award of counsel fees in a matrimonial action is a matter within the discretion of the trial court (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]; *Sevdinoglou v Sevdinoglou,* 40 AD3d 959 [2007]). In light of the defendant's greater financial resources, the court providently exercised its discretion in awarding the plaintiff an attorney's fee in the sum of $6,000 (*see Sevdinoglou v Sevdinoglou,* 40 AD3d 959 [2007]; *Levy v Levy,* 4 AD3d 398 [2004]; *Krutyansky v Krutyansky,* 289 AD2d 299 [2001]).

The defendant's remaining contentions either are without

merit or need not be reached in light of our determination. Mastro, J.P., Santucci, Eng and Belen, JJ., concur.