■ CATHY ELIAS, Appellant-Respondent, v ALBERT ELIAS, Respondent-Appellant. [957 NYS2d 231]—

Contrary to the plaintiff's contentions, the Supreme Court providently exercised its discretion in awarding the plaintiff 25% of the value of the defendant's interest in Ben Elias Industries Corp. "Although in a marriage of long duration, where both parties have made significant contributions to the marriage, a division of marital assets should be made as equal as possible . . . there is no requirement that the distribution of each item of marital property be made on an equal basis" (*Baron v Baron*, 71 AD3d 807, 809 [2010] [internal quotation marks omitted]; *see Arvantides v Arvantides*, 64 NY2d 1033, 1033 [1985]; *Kaplan v Kaplan*, 51 AD3d 635, 637 [2008]; *Griggs v Griggs*, 44 AD3d 710, 713 [2007]). Here, the 25% share "takes into account the plaintiff's minimal direct and indirect involvement in the defendant's company, while not ignoring her contributions as the primary caretaker for the parties' children, which allowed the defendant to focus on his business" (*Baron v Baron*, 71 AD3d at 809; *see Ventimiglia v Ventimiglia*, 307 AD2d 993, 994 [2003]; *Chalif v Chalif*, 298 AD2d 348, 349 [2002]).

However, the Supreme Court failed to properly calculate child support pursuant to the Child Support Standards Act (Domestic Relations Law § 240 [1-b]; hereinafter the CSSA). The CSSA provides "a precisely articulated, three-step method for determining child support" (*Matter of Cassano v Cassano*, 85 NY2d 649, 652 [1995]). The first step requires the computation of statutory "[c]ombined parental income" after which a limited number of deductions are allowed (Domestic Relations Law § 240 [1-b] [b] [4]; [c] [1]). Second, the court multiplies that figure, up to $130,000, by a specified percentage based upon the number of children in the household—25% for two children— and then allocates that amount between the parents according

to their share of the total income (*see* Domestic Relations Law § 240 [1-b] [b] [3]; [c] [2]). Finally in the third step, where combined parental income exceeds $130,000, "the court shall determine the amount of child support for the amount of the combined parental income in excess of such dollar amount through consideration of the factors set forth in paragraph (f) of [Domestic Relations Law § 240 (1-b)] and/or the child support percentage" (Domestic Relations Law § 240 [1-b] [c] [3]).

Here, in determining child support, the Supreme Court failed to set forth the manner in which the defendant's income was calculated (*see McLoughlin v McLoughlin*, 63 AD3d 1017, 1019 [2009]; *Sirgant v Sirgant*, 35 AD3d 437, 438 [2006]). The Court also improperly deducted the distributive award from the defendant's income, a deduction that is not recognized in the CSSA (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [A]-[H]; *Holterman v Holterman*, 3 NY3d 1, 10-11 [2004]). Still further, the record indicates that the Supreme Court improperly capped the defendant's income at $125,000, which was below the statutory ceiling of $130,000 that became effective on January 31, 2010 (*see* Domestic Relations Law § 240 [1-b] [c] [2]; Social Services Law § 111-i [2] [b]; L 2009, ch 343; *Lago v Adrion*, 93 AD3d 697, 699 [2012]). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a recalculation of the defendant's child support obligation (*see McLoughlin v McLoughlin*, 63 AD3d at 1019).

The plaintiff's remaining contentions are without merit.

We do not consider the defendant's contention on his cross appeal, as it is improperly raised for the first time on the cross appeal (*see Abrams v Abrams*, 57 AD3d 809, 810-811 [2008]; *Levy v Levy*, 289 AD2d 379, 380 [2001]; *Fascaldi v Fascaldi*, 209 AD2d 576, 578 [1994]). Balkin, J.P., Roman, Sgroi and Cohen, JJ., concur.