In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of (1) an amended decision of the Supreme Court, Queens County (Strauss, J.), dated March 25, 2008, made after a nonjuiy trial, and (2) a judgment of the same court entered April 22, 2009, which, inter alia, upon the amended decision, awarded the plaintiff a divorce on the ground of cruel and inhuman treatment, denied his application for a divorce on the ground of constructive abandonment, awarded the plaintiff the sum of $22,222 as her share of the defendant’s ownership interest in a real estate holding company that owned a property located at 279 Malcolm X Boulevard in Brooklyn, awarded the plaintiff the sum of $332,222 as her share of the defendant’s ownership interest in a real estate holding company that owned a property located on West 40th Street in Manhattan, and awarded the plaintiff ownership of the marital home.
Ordered that the appeal from the amended decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510 [1984]); and it is further,
Ordered that the judgment is modified, on the facts, by deleting the provision thereof awarding the plaintiff the sum of $22,222 as her share of the defendant’s ownership interest in the real estate holding company that owned a property located at 279 Malcolm X Boulevard in Brooklyn, and substituting therefor a provision awarding the plaintiff the sum of $5,555.56 as her share of the defendant’s ownership interest in the real estate holding company that owned a property located at 279 Malcolm X Boulevard in Brooklyn; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.
The Supreme Court providently exercised its discretion in *715 awarding the plaintiff one-third of the appreciation of the defendant’s business interests in the subject real estate holding companies from the date of the marriage (see Domestic Relations Law § 236 [B] [5] [d] [6], [13]). The appreciation of the value of a business during a marriage that would otherwise be separate property, “which is due in part to the indirect contributions or efforts of the other spouse as homemaker and parent,” is marital property (Price v Price, 69 NY2d 8, 11 [1986]; see Golden v Golden, 98 AD3d 647, 649 [2012]). However, the court incorrectly calculated the plaintiff’s distributive share of the holding company that owned the property located at 279 Malcolm X Boulevard in Brooklyn. Correction of the court’s arithmetical error results in the plaintiff’s one-third share of the husband’s interest in this asset as $5,555.56, not $22,222 (see CPLR 5019 [a]).
The Supreme Court’s award to the plaintiff of ownership of the marital residence, which determination rested to a large extent upon the court’s credibility determination, was not an improvident exercise of discretion (see Campione v Alberti, 98 AD3d 706, 707 [2012]; Fugazy v Fugazy, 44 AD3d 613, 615 [2007]).
“The determination of what constitutes cruel and inhuman treatment during a marriage is dependent on the circumstances of the case, and the trial court’s determination of this issue will not lightly be overturned on appeal” (Luongo v Luongo, 50 AD3d 858, 858 [2008]). The Supreme Court’s conclusion that the plaintiff satisfied her burden on this issue rests largely on its credibility finding, and we decline to disturb it (see id. at 859; Bluth v Bluth, 45 AD3d 796, 797 [2007]; Fuegel v Fuegel, 271 AD2d 404, 405 [2000]).
The defendant’s remaining contentions are without merit. Dillon, J.E, Balkin, Dickerson and Hinds-Radix, JJ., concur.