Matter of Barker v Rohack (2018 NY Slip Op 07718)





Matter of Barker v Rohack


2018 NY Slip Op 07718


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-00146
 (Docket No. F-1141-16/16A)

[*1]In the Matter of Georgia Barker, respondent,
v
John T. Rohack, appellant.


Ellen B. Holtzman, Nanuet, NY, for appellant.
Rubin Law, PLLC, New York, NY (Denise A. Rubin of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Rockland County (Sherri L. Eisenpress, J.), dated October 6, 2017. The order, insofar as appealed from, denied the father's objection to so much of an order of the same court (Rachelle C. Kaufman, S.M.) dated June 5, 2017, as denied that branch of his motion which was to correct an order of the same court (Rachelle C. Kaufman, S.M.) dated February 27, 2017, by reducing the amount of child support arrears owed by him from $11,831.15 to $5,281.15.
ORDERED that the order dated October 6, 2017, is reversed insofar as appealed from, on the facts, without costs or disbursements, the father's objection to so much of the order dated June 5, 2017, as denied that branch of his motion which was to correct the order dated February 27, 2017, by reducing the amount of child support arrears owed by him from $11,831.15 to $5,281.15 is granted, that portion of the order dated June 5, 2017, is vacated, that branch of the father's motion which was to correct the order dated February 27, 2017, by reducing the amount of child support arrears owed by him from $11,831.15 to $5,281.15 is granted.
In April 2016, the mother filed a petition for an upward modification of the father's child support obligation. At a court appearance on February 27, 2017, the parties agreed to an upward modification of the father's support obligation from the sum of $2,837.75 per month to the sum of $3,600 per month. The court noted that the father had made three support payments, each in the sum of $2,837.75, during the 3-month period from May 2016 through July 2016, for a total of $8,513.25. The court also stated the father made the following payments during the 7-month period from August 2016 through February 2017: one payment of $1,310, four payments of $2,728.38 each, one payment of $2,122.08, one payment of $1,818.92, and six payments of $1,310 each. The court calculated that the father paid the total sum of $17,474.52 for that period and deducted a "refund" in the sum of $1,818.92, for a total of $15,655.60. The court then calculated that the father owed the sum of $11,831.15 in child support arrears by, in effect, adding the sum of $15,655.60 (payments made during the 7-month period) to the sum of $8,513.25 (payments made during the initial 3-month period), for a total of $24,168.85 in payments made by the father, and deducting the sum of $24,168.85 from the sum of $36,000, representing the total amount owed by the father over the 10-month period under his new obligation of $3,600 per month. In an order dated [*2]February 27, 2017, the court, inter alia, directed the father to pay child support arrears in the sum of $11,831.15.
Thereafter, the father moved, inter alia, in effect, pursuant to CPLR 5019(a) to correct the order dated February 27, 2017, by reducing the amount of child support arrears owed by him from $11,831.15 to $5,281.15. He argued that the court had miscalculated the amount owed. In an order dated June 5, 2017, the Family Court, among other things, denied that branch of the father's motion which was to correct the order dated February 27, 2017, with respect to the calculation of child support arrears. In July 2017, the father filed objections to the order dated June 5, 2017. In an order dated October 6, 2017, the court, inter alia, denied the father's objection to so much of the order dated June 5, 2017, as denied that branch of his motion which was to correct the order dated February 27, 2017, with respect to the calculation of child support arrears. The father appeals.
Contrary to the mother's contention, the father did not file objections to an order entered upon his consent, but rather filed objections to the order dated June 5, 2017, which denied his motion, inter alia, to correct the order dated February 27, 2017 (see Matter of Godkin v Pick, 27 AD3d 1183; cf. Matter of Taylor v Taylor, 148 AD3d 1161, 1162-1163). Further, it was appropriate for the father to move, in effect, pursuant to CPLR 5019(a) to correct an arithmetic error in the calculation of child support arrears (see Kim v Schiller, 112 AD3d 671, 675-677; Benabu v Rienzo, 104 AD3d 714, 715; Berry v Williams, 87 AD3d 958, 961; Flores v Parkchester Preserv. Co., L.P., 42 AD3d 318, 318-319).
We agree with the father that the Family Court miscalculated the amount of child support arrears owed by him. As recited by the court, the father paid the following amounts during the 7-month period from August 2016 through February 2017: one payment of $1,310, four payments of $2,728.38 each, one payment of $2,122.08, one payment of $1,818.92, and six payments of $1,310 each. Adding those amounts yields a total sum of $24,024.52, not $17,474.52 as the court calculated. The sum of $24,024.52 should be reduced to $22,205.60 by deducting the "refund" in the sum of $1,818.92 to which the Support Magistrate held the father was entitled to credit for. Adding the sum of $22,205.60 (payments made during the 7-month period) to the sum of $8,513.25 (payments made during the initial 3-month period) results in a total of $30,718.85, which, when deducted from the total amount owed by the father over the 10-month period under his new obligation of $3,600 per month ($36,000), results in the sum of $5,281.15 in arrears owed by the father.
Accordingly, the Family Court should have granted the father's objection to so much of the order dated June 5, 2017, as denied that branch of his motion which was to correct the order dated February 27, 2017, by reducing the amount of child support arrears owed by him from $11,831.15 to $5,281.15.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court