■ KATIE STAVANS, Respondent, v MURRAY STAVANS, Appellant. [615 NYS2d 712] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Durante, J.), dated September 25, 1991, which (1) confirmed the findings of the Judicial Hearing Officer (Modugno, J.H.O.), dated October 16, 1990, and amended May 1, 1991, made after a hearing, (2) granted a judgment of divorce against the husband on the ground of cruel and inhuman treatment, and, (3) inter alia, awarded the wife equitable distribution in the amount of $154,948 and directed the husband to pay the plaintiff wife that amount over a period of one year in quarterly installments of $38,737.

Ordered that the judgment is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for a specific direction by the court as to the disposition of the marital residence.

The parties were married for approximately 37 years and had three children. The wife commenced an action for divorce on the ground of cruel and inhuman treatment, alleging numerous acts of physical and verbal abuse. Contrary to the husband's contentions, the record supports a finding of cruel and inhuman treatment *(see, Brady v Brady,* 64 NY2d 339; *Hessen v Hessen,* 33 NY2d 406; *Tortorello v Tortorello,* 133 AD2d 683; *Siczewicz v Siczewicz,* 92 AD2d 915).

The court did not improvidently exercise its discretion in directing that the marital assets, including the marital residence, be distributed evenly between the plaintiff and the defendant, in consideration, *inter alia,* of the income and property of each party at the time of the marriage and at the commencement of this action, the duration of the marriage and the age and health of both parties, the plaintiff's waiver of maintenance, and the plaintiff's contribution to the marital property both directly as a wage earner for a period of time and indirectly as a spouse, homemaker, and mother of three children *(see, O'Brien v O'Brien,* 66 NY2d 576; *Majauskas v Majauskas,* 61 NY2d 481). It was also not an improvident exercise of discretion to refuse to grant the defendant a credit for his alleged separate property contributions on the ground that the defendant's claims were not established by clear and convincing evidence *(see, Waldman v Waldman,* 196 AD2d 650; *Cusimano v Cusimano,* 149 AD2d 397; *Lischynsky v Lischynsky,* 120 AD2d 824; *Bizzarro v Bizzarro,* 106 AD2d 690).

We note that because the judgment is unclear as to whether or not the residence is to be sold, and the manner in which the net proceeds of the sale, if any, are to be distributed, the matter is remitted to the Supreme Court, Queens County, for a specific direction by the court as to the disposition of the marital residence. Balletta, J. P., Miller, Hart and Krausman, JJ., concur.