■ CARLA M. BLECHMAN, Appellant-Respondent, v JON S. BLECHMAN, Respondent-Appellant. [650 NYS2d 456] —Yesawich Jr., J. Cross appeals from a judgment of the Supreme Court (Rose, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered August 17, 1995 in Tioga County, upon a decision of the court.

Married in 1984, the parties have two sons, born in 1984 and in 1986. At the time of their marriage, plaintiff, who holds a Bachelor of Arts degree, was working as a telephone operator and defendant was a solo law practitioner, having opened his office in 1981. Plaintiff continued in her employment until after the birth of the parties' second child, at which time they agreed that she would devote her energies to homemaking and raising the children. This action for divorce was commenced on September 7, 1994.

The nonjury trial focused on financial matters, including the classification of property as separate or marital, and the valuation of defendant's law practice. A judgment was entered awarding plaintiff, *inter alia*, one half of defendant's practice, which was valued at $15,000; one half of certain deferred compensation earned by defendant during the marriage, to be paid beginning in 2002; one half of the proceeds of the sale of the marital residence, after crediting defendant with approximately $43,700 in separate property he was found to have contributed thereto; durational maintenance for five years; and $3,000 in counsel and experts' fees. Each party has appealed.

Both parties disagree with Supreme Court's valuation of defendant's law practice: plaintiff maintains that the testimony of her expert, rather than that of defendant's expert, should have been credited, while defendant contends that it was improper to disregard evidence which, he asserts, demonstrates that the practice did not appreciate at all during the marriage.

Neither argument is convincing. The record discloses no grounds for rejecting Supreme Court's well-reasoned decision to accept the valuation arrived at by defendant's expert. As for defendant's suggestion that the practice was worth as much or more when the parties married as it was 10 years later, the evidence proferred to establish its value at the earlier date is—as Supreme Court apparently recognized—manifestly inadequate for that purpose. Although defendant testified that his office accounts contained some $21,000 at the time of the parties' marriage, it is unclear how much of that amount actually represented assets of the practice, or the extent to which those assets—if any—were offset by business debts or liabilities.

Plaintiff's other assertions are equally uncompelling. Supreme Court's finding that the $21,500 plaintiff inherited in 1989 lost its character as separate property, through commingling with marital funds, has ample support in the record (*see, Saasto v Saasto*, 211 AD2d 708, 709; *Icart v Icart*, 186 AD2d 918, 919).

Nor are we persuaded that both the amount and the duration of the spousal maintenance awarded are insufficient and, as plaintiff suggests, reflect the court's failure to adequately consider the parties' preseparation standard of living and the expenses she will have to incur to reenter the job market. Recognizing the burden imposed by its directive that defendant continue to pay all carrying charges on the marital residence, amounting to approximately $2,400 per month, until it is sold, Supreme Court awarded plaintiff maintenance of $170 per week, plus a $30 monthly gasoline allowance (a total of approximately $760 per month), until that time. After the house is sold, defendant is to pay $1,000 in monthly maintenance until May 9, 2000 (five years from the date of the court's decision), unless his obligation is terminated earlier by plaintiff's death or remarriage.

While the marital standard of living is a factor that cannot be disregarded when arriving at an appropriate maintenance award (see, Hartog v Hartog, 85 NY2d 36, 50-51), the preservation of that standard for the recipient spouse need not be the paramount concern, where, as here, other factors—such as the recipient's ability to rejoin the work force, and the parties' other financial resources and obligations—indicate that a more modest, durational award is appropriate (see, Pejo v Pejo, 213 AD2d 918, 918-919, lv denied 85 NY2d 811). In short, a review of the pertinent evidence reveals no cause for disturbing Supreme Court's findings and conclusions in this regard (see, Reina v Reina, 153 AD2d 775, 777).

Of the other points raised by plaintiff, the only one meriting comment concerns her request for counsel fees. And as to that, we find Supreme Court's determination to reimburse plaintiff for only a portion of the fees she actually incurred was not improper, given the relative merit of the parties' positions with respect to the contested issues, the assets available to plaintiff as a result of the equitable distribution of marital property, the impact of defendant's ongoing financial obligations to plaintiff and the children upon his ability to pay, and the fact that some of the fees for which compensation is sought are attributable to related Family Court matters, not to resolution of the divorce action (see, DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881; Feldman v Feldman, 194 AD2d 207, 219).

Turning to the aspect of the judgment with which defendant takes issue, we find that Supreme Court did not err in concluding that all of his deferred income—the product of settlements in 1986, 1987 and 1990 of three large cases undertaken on a contingent fee basis—is marital property, subject to distribu-

tion. Defendant contends that inasmuch as one of those fees arose from his efforts with respect to a file that was opened six months before the marriage, a portion of that fee must therefore be considered his separate property. More is required, however, to demonstrate the existence and magnitude of a separate property interest in the fee in question (*see, Stavans v Stavans*, 207 AD2d 392, 393) than a bald assertion that it should be prorated based on the amount of time the file has been held. There being no proof as to how much work defendant actually did on the case before and after the marriage, or of the terms of the retainer arrangement, we perceive no inequity in Supreme Court's characterization of the deferred compensation received during the marriage as entirely marital property.

Mikoll, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.