■ ROBERT F. KEARNS, Respondent-Appellant, v ELNA I. KEARNS, Appellant-Respondent. [704 NYS2d 627] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Gazzillo, J.), entered December 29, 1998, as, after a nonjury trial, awarded her maintenance in the sum of only $1,000 per week terminating upon the plaintiff's retirement, and the plaintiff husband cross-appeals from so much of the same judgment as (1) awarded the defendant maintenance in the sum of $1,000 per week, (2) directed him to provide health insurance for the defendant, (3) directed him to secure insurance on his life in the sum of $260,000 with the defendant as the irrevocable beneficiary, (4) awarded the defendant $35,000 in counsel fees, (5) directed him to pay psychiatric fees to the defendant's doctor, (6) directed him to pay the defendant's guardian ad litem fees, and (7) directed him to pay the balance of the Law Guardian's fees.

Ordered that the judgment is affirmed insofar as appealed from and cross-appealed from, without costs or disbursements.

In fixing the amount of a maintenance award, a court must consider the financial circumstances of both parties, including their reasonable needs and means, the payor spouse's present and anticipated income, the payee spouse's present and future earning capacity, and the parties' standard of living during the marriage (*see, Walker v Walker,* 255 AD2d 375; *Feldman v Feldman,* 194 AD2d 207, 218). Although it was established that it was unlikely that the defendant could obtain employment, under all of the circumstances, including the defendant's substantial separate property, her distributive award, and the fact that the plaintiff assumed sole financial responsibility for the parties' minor child, the award to the defendant of $1,000 per week maintenance until the plaintiff's retirement was a provident exercise of discretion.

The award of reasonable counsel fees is a matter within the sound discretion of the trial court (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879). The issue of counsel fees is controlled by the equities and circumstances of each case, and the trial court must consider the parties' respective financial circumstances in determining whether an award is appropriate (*see,* Domestic Relations Law § 237 [a]; *Tayar v Tayar,* 250 AD2d 757; *Linda R. v Richard E.,* 176 AD2d 312, 313). Here, considering all of the factors, the court found that the plaintiff was in a better financial position to pay for the defendant's legal expenses and the reasonable amount of fees for the litigation, which lasted over six years, was $35,000. The trial court did not improvidently exercise its discretion in its award of counsel fees.

The parties' remaining contentions are without merit. Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.