■ ALLA KRUTYANSKY, Appellant-Respondent, v YURY KRUTYANSKY, Respondent-Appellant. [733 NYS2d 920] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Yancey, J.), dated June 13, 2000, as awarded her maintenance of only $4,000 per month to be reduced to a lifetime award of $2,000 per month upon payment of the distributive award, and denied her request for payment of counsel fees, disbursements, and expert fees, and the defendant husband cross-appeals, as limited by his brief, from stated portions of the same judgment which, *inter alia,* determined the value of certain marital property and awarded the plaintiff maintenance as set forth above.

Ordered that the judgment is modified, on the law and in the exercise of discretion, by deleting from the ninth decretal paragraph thereof the provision "that plaintiff has sufficient income from maintenance and her distributive award to pay the balance of her counsel fees of $45,300.00 and $2,118.20 in disbursements aggregating the sum of $47,418.00; and to the real estate broker John Luongo in the sum of $62,500.00 for his appraisals," and substituting therefor the provision "that the defendant shall pay (a) the balance of the plaintiff's counsel fees of $45,300 and $2,118.20 in disbursements aggregating the sum of $47,418.20 and (b) to the real estate broker John Luongo the sum of $62,500.00 for his appraisals"; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

The plaintiff and the defendant were married in Ukraine on June 1, 1966, and have two children, both over the age of 21. Following 34 years of marriage, the plaintiff was granted a divorce on the ground of cruel and inhuman treatment and proceeded to trial on the issues of equitable distribution of the marital property, maintenance, counsel fees, and expert fees.

The Supreme Court properly awarded the plaintiff 50% of the marital property based on the length of the marriage, the age and health of the parties, and the paucity of the plaintiff's employment background (*see,* Domestic Relations Law § 236 [B] [5] [d]; *Rizzuto v Rizzuto,* 250 AD2d 829, 830; *Granade-Bastuck v Bastuck,* 249 AD2d 444, 445; *Stavans v Stavans,* 207 AD2d 392, 393; *Ahrend v Ahrend,* 123 AD2d 731, 732-733). The evaluation of the defendant's real properties based on the

testimony of the plaintiff's expert witness should not be disturbed on appeal where determination of value rested primarily on the credibility of the expert witness and his valuation technique (*see, Ferraro v Ferraro,* 257 AD2d 596, 598).

The amount and duration of maintenance was properly based on the financial circumstances of both parties, the predivorce standard of living (*see, Morrissey v Morrissey,* 259 AD2d 472, 473; *Walker v Walker,* 255 AD2d 375), the age, health, and skills of the parties, as well as the duration of the marriage (*see, Solomon v Solomon,* 276 AD2d 547, 548; *Kaprelian v Kaprelian,* 236 AD2d 369, 371; *Borra v Borra,* 218 AD2d 780). The Supreme Court properly reduced maintenance upon receipt of the distributive award (*see,* Domestic Relations Law § 236 [B] [6] [a] [1]; *Kearns v Kearns,* 270 AD2d 392, 393).

In light of the disparity in the income of the parties and the defendant's tactics which unnecessarily prolonged the litigation, the Supreme Court should have required the defendant to pay the plaintiff's counsel and expert fees (*see, Nee v Nee,* 240 AD2d 478, 479; *Hackett v Hackett,* 147 AD2d 611, 613). The parties stipulated before the Supreme Court that a determination regarding such fees could be made on submission in lieu of a hearing. Therefore, the need for a hearing on the reasonableness of these fees is obviated (*see, Pinto v Pinto,* 260 AD2d 622). In the exercise of our discretion, based on the relative circumstances of the parties, the defendant should pay the full amounts of these fees.

The parties' remaining contentions are unpreserved for appellate review or without merit. Altman, J. P., Krausman, Goldstein and Crane, JJ., concur.