■ JACQUELYN LEW, Appellant, v MARK LEW, Respondent. [735 NYS2d 192] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Kings County (Rigler, J.), dated June 13, 2000, which, *inter alia,* after a nonjury trial, (1) valued the appreciation of the defendant husband's medical practice at the sum of $813,000 and distributed only 15% of that value to her, (2) failed to distribute $100,000 held by Stanley Fishman, the plaintiff's father, on the ground that it was the defendant's separate property, and (3) awarded her maintenance in the sum of only $200 per week for two years.

Ordered that the judgment is modified, on the law, the facts, and as a matter of discretion, by (1) deleting from subparagraph i of the ninth decretal paragraph thereof the sums of $813,000 and $121,950, and substituting therefor the sums of $971,363 and $145,704, respectively, (2) deleting from subparagraph iv of the ninth decretal paragraph the words "less $100,000 representing marital funds held by the plaintiff's father" and "plus $100,000 representing marital funds held by the plaintiff's father," and adding thereto a provision awarding the plaintiff 30% of that $100,000 and awarding the defendant 70% of that sum, and (3) deleting from the seventh decretal paragraph the sum of $200 and the words "two years" and substituting therefor the sum of $500 and the words "six years," respectively; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

In determining the increase in value of the defendant's medi-

cal practice, the Supreme Court relied upon the "excess earnings" and the "capitalization of earnings" methods employed by the plaintiff's expert witness and adopted his average increase in value of $1,033,000. While the Supreme Court providently exercised its discretion in rejecting the expert's finding that $110,000 worth of vaccines purchased by the defendant for his practice in 1993 constituted an asset rather than an ordinary expense, the court improperly reduced the average increase in value by $220,000, i.e., the value of the asset multiplied by two. In recalculating the average increase in value, the court should have recomputed the increase in value of the practice pursuant to the "excess earnings" method by deleting this asset from the computation and then determining the average between the increase in value computed under the excess earnings method and the value computed under the capitalization of earnings method. Since the record is sufficiently developed to permit this Court to recalculate the value of the practice without this asset, we do so in the interest of judicial economy.

The Supreme Court erred in awarding the defendant as his separate property $100,000 acquired during the marriage which was held by the plaintiff's father for investment purposes. At trial, both parties alleged that this asset constituted marital property.

In fixing the amount of a maintenance award, a court must consider the financial circumstances of both parties, including their reasonable needs and means; the payor spouse's present and anticipated income, the payee spouse's present and future earning capacity, and both parties' standard of living (*see, Kearns v Kearns,* 270 AD2d 392, 393; *Walker v Walker,* 255 AD2d 375; *Feldman v Feldman,* 194 AD2d 207, 218). Although the parties were married for only eight years prior to the commencement of the action, the plaintiff has physical custody of the parties' two young children, and her income potential is modest. Accordingly, giving due consideration to the marital standard of living, under the circumstances of this case, a maintenance award of $500 per week for six years is appropriate.

The plaintiff's remaining contentions are without merit. Goldstein, J. P., Florio, McGinity and H. Miller, JJ., concur.