■ JAMES T. SANDORO, Respondent, v MARY P. SANDORO, Appellant. [757 NYS2d 667] —Appeal from an order of Supreme Court, Erie County (O'Donnell, J.), entered April 12, 2002, which ordered, inter alia, that an escrow account shall be divided equally.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the third ordering paragraph and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action in 1994 seeking, inter alia, a divorce and equitable distribution of the parties' assets. In 1999 Supreme Court issued an order setting forth that plaintiff had withdrawn his request for a divorce but that issues nevertheless remained with respect to maintenance, counsel fees and the right to possession of a condominium in Florida. The court ordered, inter alia, that an escrow account containing the proceeds from the sale of the parties' marital residence shall be divided equally. The court further determined that both parties were self-supporting and therefore refused to award maintenance to either party, and the court refused to award counsel fees to either party. However, upon plaintiff's discovery that title to certain property in California

was in defendant's name but had not been mentioned by defendant in her financial affidavits, plaintiff moved to renew with respect to his request for maintenance and counsel fees and with respect to the distribution of, inter alia, the escrow account. The court stayed enforcement of the order and held plaintiff's renewal motion in abeyance pending the resolution of proceedings in California regarding the California property.

Two years later, after the proceedings in California were concluded, plaintiff sought an updated financial affidavit from defendant and sought to depose her. That discovery request was premised in part upon the conflicting testimony of defendant in the proceedings in California concerning the California property. When defendant refused to comply with plaintiff's discovery request, plaintiff moved to compel that discovery. The court granted the motion and, inter alia, set an outside date by which defendant had to appear for a deposition. When defendant failed to comply with certain aspects of the discovery order, plaintiff moved for sanctions. On the outside date fixed by the court for defendant to appear for her deposition, defendant moved to be excused therefrom on the ground of ill health. Plaintiff then cross-moved for determination of his renewal motion. The court determined that defendant had intentionally sought to delay the proceedings and had failed to submit an affidavit from an objective health care provider to support her assertion of ill health. The court determined that it had no alternative but to grant plaintiff's motion for sanctions, in effect granting plaintiff's renewal motion and modifying its prior order by ordering that the entire escrow account shall be distributed to plaintiff.

We conclude that plaintiff is entitled to sanctions but that the court erred in ordering that the entire escrow account, with a value of approximately $120,000, shall be paid over to plaintiff as a sanction for defendant's failure to comply with the discovery order. Defendant contends that the court lacked jurisdiction over the escrow account because plaintiff's request for a divorce had been withdrawn three years earlier. We disagree. The court continued to have jurisdiction over financial issues raised in the action, including maintenance and counsel fees (*see Forbush v Forbush*, 115 AD2d 335 [1985], *appeal dismissed* 67 NY2d 756 [1986]; *see also* Domestic Relations Law § 236 [B] [6]; § 237). Furthermore, apart from the fact that defendant became subject to sanctions based on her failure to disclose the properties in California, those properties also were relevant with respect to the issues of maintenance and counsel fees (*see generally Kearns v Kearns*, 270 AD2d 392

[2000]), thus providing an additional basis for the court to grant plaintiff's motion to renew. We conclude, however, that the court abused its discretion in ordering payment of the entire escrow account to plaintiff as a sanction for defendant's failure to comply with the discovery order by, inter alia, failing to appear at a deposition. We therefore modify the order by vacating the third ordering paragraph and we remit the matter to Supreme Court, Erie County, for the imposition of appropriate sanctions pursuant to CPLR 3126 and a determination of the issues of plaintiff's entitlement to maintenance and counsel fees. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.