■ JOHN VALENTI, Appellant, v MARILYN VALENTI, Respondent. [758 NYS2d 107] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Friedenberg, J.H.O.), entered June 8, 2001, which, after a nonjury trial, inter alia, awarded the defendant maintenance in the sum of $250 per week until she attains the age of 65, maintenance arrears in the sum of $39,000, and counsel fees in the sum of $7,274, and directed him to provide the defendant with COBRA medical coverage for a period of three years.

Ordered that the judgment is modified by (1) deleting from the sixth decretal paragraph thereof the provision awarding the defendant maintenance retroactive to February 11, 1998, and substituting therefor a provision awarding maintenance retroactive to February 11, 1999, (2) deleting from the seventh

decretal paragraph thereof the provision awarding the defendant maintenance retroactive to February 11, 1998, in the sum of $39,000 and substituting therefor a provision awarding maintenance retroactive to February 11, 1999, in the sum of $26,000 minus the sum of $314, for a total sum of arrears due and owing to the defendant of $25,686, (3) deleting from the ninth decretal paragraph thereof the provision awarding the defendant a money judgment in the sum of $38,686 and substituting therefor a provision awarding the defendant a money judgment in the sum of $25,686, and (4) deleting the thirteenth decretal paragraph, which directed the plaintiff to provide COBRA medical coverage to the defendant for a period of three years; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

We agree with the plaintiff's contention that the Supreme Court erred in directing him to provide COBRA medical coverage to the defendant, since the plaintiff did not maintain medical insurance coverage on her behalf at any prior time.

The Supreme Court erroneously calculated maintenance arrears from February 11, 1998, rather than from February 11, 1999, the date of the defendant's initial application (*see* Domestic Relations Law § 236 [B] [6] [a]; *Burns v Burns,* 84 NY2d 369, 377 [1994]). Therefore, maintenance arrears are reduced from $39,000 to $26,000.

Considering the age, health, and financial circumstances of the defendant, the award of maintenance in the sum of $250 per week until the age of 65 was proper, especially in light of the lack of medical insurance coverage (*see Kearns v Kearns,* 270 AD2d 392, 393 [2000]). In addition, the Supreme Court's award of counsel fees to the defendant was a proper exercise of discretion pursuant to Domestic Relations Law § 237.

The plaintiff's remaining contentions are without merit. Florio, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.