■ Lori Levy, Respondent, v Joseph Levy, Appellant. [771 NYS2d 386]—

In a matrimonial action in which the parties were divorced by judgment dated August 12, 1999, the defendant appeals from an order of the Supreme Court, Westchester County (Borrelli, J.H.O.), entered October 10, 2002, which granted, without a hearing, that branch of the plaintiff's motion which was for an award of an attorney's fee in the sum of $51,082.65, and an accountant's fee in the sum of $14,279.50.

Ordered that the order is affirmed, with costs.

The award of counsel and accountant's fees is controlled by the equities and circumstances of each particular case (see Domestic Relations Law § 237 [a], [d]; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; Kearns v Kearns, 270 AD2d 392, 393 [2000]). A court must consider the relative merits of the parties' claims and their respective financial positions (see Merzon v Merzon, 210 AD2d 462, 464 [1994]; Borakove v Borakove, 116 AD2d 683, 684 [1986]).

In light of the disparity in income between the parties, and

the defendant's tactics which unnecessarily prolonged the litigation, the Supreme Court properly directed the defendant to pay the plaintiff's counsel and accountant's fees, despite the substantial equitable distribution award to the plaintiff (*see Krutyansky v Krutyansky,* 289 AD2d 299, 300 [2001]; *Nee v Nee,* 240 AD2d 478, 479 [1997]; *Hackett v Hackett,* 147 AD2d 611, 613 [1989]). The parties stipulated that a determination regarding such fees could be made on submission in lieu of a hearing. Therefore, the need for a hearing on the reasonableness of these fees was obviated (*see Krutyansky v Krutyansky, supra; Pinto v Pinto,* 260 AD2d 622 [1999]).

The defendant's remaining contentions are without merit. Ritter, J.P., Smith, H. Miller and Mastro, JJ., concur.