GARY LEVINE, Appellant, v BARBARA LEVINE, Respondent. [807 NYS2d 384]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Woodard, J.), entered June 3, 2004, as allocated marital debt and awarded an attorney's fee to the defendant in the sum of $250,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs; and it is further,

Ordered that the plaintiff shall comply with the provision of the judgment awarding an attorney's fee within 30 days after service upon him of a copy of this decision and order.

During the course of the parties' marriage, the defendant's father gave them a 14% interest in a corporation called Browertown, a holding company formed for the purpose of constructing a nursing home. After construction began, the corporation issued a capital call from its shareholders. The parties did not have the funds to meet the contribution of $280,000 demanded from the shareholders. Accordingly, the defendant's father gave the parties a check in the sum of $280,000 which had the word "loan" written on it to meet the capital call. The defendant claimed that this payment represented a bona fide marital debt to be satisfied from marital assets before distribution. The plaintiff, however, contended that the money was given to the parties by the defendant's father as gifts to both of them. The trial court found that the payment of $280,000 was a loan to both parties, based upon the memorandum notation on the check issued to the parties.

Contrary to the plaintiff's contention, there was sufficient evidence adduced at trial demonstrating that the $280,000 payment constituted a loan, to be paid either when Browertown began to make disbursements to its shareholders, or upon

demand made by the defendant's father (*see Moon v Moon*, 6 AD3d 796 [2004]; *cf. Gelb v Brown*, 163 AD2d 189 [1990]). Accordingly, the trial court properly allocated the loan as marital debt to be satisfied from the marital assets prior to distribution (*see Liepman v Liepman*, 279 AD2d 686 [2001]; *Bogdan v Bogdan*, 260 AD2d 521 [1999]).

In light of factors such as the disparity in income between the parties, the plaintiff's trial tactics which unnecessarily prolonged the litigation, as well as the plaintiff's willful failure to comply with court orders, the Supreme Court properly directed the plaintiff to pay a portion of the defendant's attorney's fee, despite the substantial equitable distribution award to the defendant (*see* Domestic Relations Law § 237 [a]; *O'Shea v O'Shea*, 93 NY2d 187 [1999]; *Wechsler v Wechsler*, 19 AD3d 157 [2005]; *McCracken v McCracken*, 12 AD3d 1201 [2004]; *Levy v Levy*, 4 AD3d 398 [2004]; *McCully v McCully*, 306 AD2d 329 [2003]; *Vicinanzo v Vicinanzo*, 233 AD2d 715 [1996]; *Brennen v Brennen*, 148 AD2d 487 [1989]; *Hackett v Hackett*, 147 AD2d 611 [1989]). Florio, J.P., Schmidt, Fisher and Dillon, JJ., concur.