■ DAVID KAPLAN, Respondent, v NICOLE KAPLAN, Appellant. [812 NYS2d 360]—

In a matrimonial action in which the parties were divorced by judgment entered September 1, 2004 the defendant wife appeals from so much of an order of the Supreme Court, Nassau County (Spinola, J.), dated May 3, 2005, as denied that branch of her motion which was for an award of counsel fees in the amount of $50,000 in connection with the plaintiff husband's appeal from the judgment of divorce.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the motion which was for an award of counsel fees in the amount of $50,000 and substituting therefor a provision granting that branch of the motion to the extent of awarding the defendant counsel fees in the amount of $15,000 in connection with the husband's appeal from the judgment of divorce; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

In exercising its discretionary power to award counsel fees (*see* Domestic Relations Law § 237 [a]), "a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]; *see Benzaken v Benzaken,* 21 AD3d 391, 392 [2005]). A counsel fee award helps reduce what would otherwise be a substantial advantage to the monied spouse. Such awards are " 'designed to redress the economic disparity between the monied spouse and the non-monied spouse' and ensure that 'the matrimonial scales of justice are not unbalanced by the weight of the wealthier litigant's wallet' " (*Frankel v Frankel,* 2 NY3d 601, 607 [2004], quoting *O'Shea v O'Shea,* 93 NY2d 187, 190 [1999]). Where the parties' respective financial positions give one a distinct advantage over the other, the court may direct the monied spouse to pay counsel fees to the attorney for the non-monied spouse (*see Silverman v Silverman,* 304 AD2d 41, 48 [2003]).

Upon a proper showing, a spouse is entitled to counsel fees for representation during the appellate process. In the present case, the husband is a radiologist with a substantial annual income, while the wife is a full-time homemaker who is dependent on support and maintenance from the husband. The wife has sole custody of the parties' son, a special needs child, whose care demands her full-time attention. Based on the disparity in the parties' respective financial positions, the anticipated legal fees in connection with the husband's appeal from the divorce judgment, and the other relevant circumstances of the case, an award of counsel fees in the amount of $15,000 to the wife is appropriate (*see Stadok v Stadok,* 25 AD3d 547 [2006]). Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.