■ LAWRENCE S. SCHEK, Appellant, v VINNI M. SCHEK, Respondent. [856 NYS2d 127]—

The award of a reasonable attorney's fee is a matter within the sound discretion of the trial court (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]). An award of an attorney's fee should be based upon, inter alia, the relative financial circumstances of the parties, the relative merits of their positions, and the tactics of a party in unnecessarily prolonging the litigation (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d at 881; *Levy v Levy*, 4 AD3d 398, 398-399 [2004]; *Krutyansky v Krutyansky*, 289 AD2d 299, 300 [2001]; *Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]). The fact that the defendant wife has assets is not, by itself, a basis to deny a motion for an attorney's fee, as she "need not establish indigency as a prerequisite to an award of counsel fees" (*Lenczycki v Lenczycki*, 152 AD2d 621, 624-625 [1989]).

In view of the disparity between the incomes and resources of the parties (*see Levy v Levy*, 4 AD3d 398 [2004]), and the difficulties encountered in obtaining paper discovery from the plaintiff (*cf. Griggs v Griggs*, 44 AD3d 710, 714 [2007]), the court providently exercised its discretion in awarding the defendant an attorney's fee in the sum of $60,000. Spolzino, J.P., Florio, Angiolillo and Dickerson, JJ., concur.