In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Bivona, J.), dated April 16, 2007, which denied her motion, inter alia, for an award of counsel fees.
Ordered that the order is reversed, on the facts and in the exercise of discretion, the motion is granted in its entirety, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.
Given the equities of this case, the relative merits of the parties’ positions, their respective financial circumstances, and the delay in the discovery process attributable to the defendant, the Supreme Court improvidently exercised its discretion in denying the plaintiffs motion, inter alia, for additional counsel fees incurred in prosecuting the action (cf. Sevdinoglou v Sevdinoglou, 40 AD3d 959, 960 [2007]; Timpone v Timpone, 28 AD3d 646 [2006]). Although the shareholders’ agreement at issue contained provisions for valuing stock in the family-owned bakery in the event of a “Voluntary or Involuntary Withdrawal,” those provisions were irrelevant here. According to the agreement, a “Voluntary or Involuntary Withdrawal” would be triggered, inter alia, by a “transfer, award, sale and/or other disposition of . . . shares to the shareholder’s spouse . . . pursu *767 ant to a judgment, order or decree of divorce.” Here, however, no such “transfer, award, sale and/or other disposition” was ordered or sought. Instead, the plaintiff was seeking merely to establish the actual value of the shares in connection with her entitlement to a distributive award based upon an increase in the share value over the course of the marriage. She did not seek to establish her entitlement to the shares themselves. Thus, contrary to the conclusion of the Supreme Court, it was reasonable and necessary for the plaintiff to attempt to determine the actual value of the shares, apart from the valuation provided for in the shareholders’ agreement, and her pursuit of discovery in that regard was entirely appropriate. Further, contrary to the defendant’s contention, an award of the requested attorney’s fee was not precluded by the substantial distributive award to the plaintiff (see Levine v Levine, 24 AD3d 625, 626 [2005]; Levy v Levy, 4 AD3d 398, 398-399 [2004]; Krutyansky v Krutyansky, 289 AD2d 299, 300 [2001]; Hackett v Hackett, 147 AD2d 611, 613 [1989]). Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for a determination of reasonable attorney’s fee to be awarded to the plaintiff.
Finally, the Supreme Court improvidently exercised its discretion in failing to direct the defendant to pay the sum of $287.50 in expert fees to the plaintiffs accountant. Fisher, J.E, Balkin, McCarthy and Leventhal, JJ., concur.