■ RICHARD LYMAN, Appellant, v DENISE LYMAN, Respondent. [969 NYS2d 157]—

In a matrimonial action in which the parties were divorced by judgment dated August 18, 1992, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated December 14, 2011, as granted those branches of the defendant's motion which were for an award of arrears for educational and education-related expenses in the principal sum of $118,555.94 and for an attorney's fee in the sum of $19,363.50, (2), as limited by his brief, from so much of a money judgment of the same court dated January 20, 2012, as, upon the order, awarded the defendant arrears for educational and education-related expenses in the principal sum of $118,555.94, plus statutory interest, and (3) from a money judgment of the same court, also dated Janu-

ary 20, 2012, which, upon the order, awarded the defendant an attorney's fee in the sum of $19,363.50.

Ordered that the appeal from the order is dismissed, without costs or disbursements, as the order was superseded by the money judgments; and it is further,

Ordered that the first money judgment dated January 20, 2012, is modified, on the law and the facts, by deleting the provision thereof awarding the defendant arrears for educational and education-related expenses in the principal sum of $118,555.94, plus statutory interest, and substituting therefor a provision awarding the defendant arrears for educational and education-related expenses in the principal sum of $59,846.37, plus statutory interest; as so modified, the first money judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the defendant's motion which was for an award of arrears for educational and education-related expenses is granted to the extent that the defendant is awarded arrears for educational and education-related expenses in the sum of $59,846.37, and is otherwise denied, the order dated December 14, 2011, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for a calculation of the interest due in accordance herewith and the entry of an appropriate amended money judgment thereafter; and it is further,

Ordered that the second money judgment dated January 20, 2012, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, that branch of the defendant's motion which was for an award of an attorney's fee is denied, and the order dated December 14, 2011, is modified accordingly.

The parties, who were married, have one child together, who was born in 1984. On January 13, 1992, the parties entered into a stipulation of settlement, which was later incorporated but not merged into their judgment of divorce dated August 18, 1992. In the stipulation of settlement, the plaintiff agreed to pay (1) $3,500 per month in child support, which would be adjusted each year according to the change in the Consumer Price Index, and (2) an additional $1,500 per month in educational and education-related expenses, which would be adjusted based on the child's actual educational and education-related expenses, for which the defendant would provide documentation to the plaintiff within 30 days after the end of each year. The plaintiff's payments were to continue until the child's 22nd birthday, in 2006.

In 2010, the defendant moved, inter alia, for an award of arrears, alleging that, between 1999 and 2007, the plaintiff failed

to pay her $118,555.94 for the child's educational and education-related expenses, including expenses that had accrued after the child's 22nd birthday, summer school and study abroad expenses, and various other expenses (including retail store purchases, online purchases, electronics purchases, travel and travel-related expenses, and miscellaneous expenses) that she alleged related to the child's education. The defendant supported the various other expenses listed above with summaries of the expenses and credit card and bank statements. Both the defendant and the plaintiff waived their right to a hearing. Based on the parties' submissions, the Supreme Court awarded the defendant arrears in the principal sum of $118,555.94 for educational and education-related expenses that she incurred. The Supreme Court also awarded the mother an attorney's fee in the sum of $19,363.50.

The Supreme Court did not err in determining that the plaintiff was obligated to pay for the child's summer school and study abroad program expenses, as those expenses fell within the scope of his duty to pay for her educational and education-related expenses as provided in the stipulation of settlement.

The Supreme Court, however, erred in awarding the defendant the entire $118,555.94 in arrears for educational and education-related expenses that she requested. First, the Supreme Court should not have awarded the defendant the sum of $23,859.16 that she requested for educational and education-related expenses that accrued after the child's 22nd birthday. The stipulation of settlement clearly provided that the plaintiff's obligation to pay for the child's educational and education-related expenses terminated on the child's 22nd birthday (see Northville Indus. Corp. v Fort Neck Oil Terms. Corp., 100 AD2d 865, 868 [1984], affd 64 NY2d 930 [1985]). Thus, the defendant may not recover any educational expenses incurred by the child after that date, and the judgment awarding her $118,555.94 in arrears for educational and education-related expenses must be reduced by $23,859.16 for such expenses accruing after the child's 22nd birthday.

Second, although the Supreme Court properly determined that the $2,615.74 in college application fees and related expenses incurred in connection with the college application process fell within the scope of the plaintiff's duty to pay for the child's educational and education-related expenses as provided in the stipulation of settlement, the Supreme Court erred in awarding the defendant $34,850.41 for various expenses incurred prior to the child's 22nd birthday, which were not adequately attributable to the child's education, including retail store purchases,

online purchases, electronics purchases, travel and travel-related expenses, and miscellaneous expenses. The defendant supported her allegations regarding these expenses with credit card and bank statements that delineated the place of purchase and the amount spent, but she failed to adequately indicate how these expenses related to the child's education. Accordingly, the defendant may not recover for these claimed expenses, and the judgment awarding her $118,555.94 in arrears for educational and education-related expenses must be further reduced by $34,850.41 for the various expenses incurred prior to the child's 22nd birthday, which were not adequately attributable to the child's education.

Accordingly, we modify the first money judgment by deleting the provision thereof awarding the defendant arrears for educational and education-related expenses in the principal sum of $118,555.94, plus statutory interest, and substituting therefor a provision awarding the mother arrears for educational and education-related expenses in the principal sum of $59,846.37, plus statutory interest. In light of the foregoing, the matter must be remitted to the Supreme Court, Suffolk County, for the calculation of the interest due in accordance herewith and the entry of an appropriate amended money judgment thereafter.

"The award of a reasonable attorney's fee is a matter within the sound discretion of the trial court" (*Schek v Schek*, 49 AD3d 625, 626 [2008]). A court must consider the relative merits of the parties' claims and their respective financial positions, and may also consider a party's tactics which unnecessarily prolonged the litigation (*see Levy v Levy*, 4 AD3d 398, 398-399 [2004]). Under the circumstances of this case, including the fact that many of the defendant's claims were unsubstantiated or otherwise lacking in merit, the Supreme Court improvidently exercised its discretion in awarding the defendant an attorney's fee. Accordingly, we reverse the second money judgment, awarding the defendant an attorney's fee in the sum of $19,363.50.

The plaintiff's remaining contention is without merit. Leventhal, J.P., Roman, Miller and Hinds-Radix, JJ., concur.