■ PATRICIA TENORE, Respondent, v THOMAS TENORE, Appellant. [972 NYS2d 626]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from (1) so much of an order of

the Supreme Court, Rockland County (Lubell, J.), dated October 11, 2011, as, after a hearing, granted the plaintiff's motion for an award of an attorney's fee to the extent of awarding her an attorney's fee in the sum of $60,000, "less any and all previously satisfied awards of counsel fees paid to date or any payments made thereon," (2) so much of an order of the same court dated December 15, 2011, as granted those branches of the plaintiff's motion which were, in effect, for a determination that the plaintiff was entitled to a qualified domestic relations order assigning $14,673.20 of his retirement account to her, and for an award of an attorney's fee incurred in prosecuting the motion to the extent of awarding the plaintiff an attorney's fee in the sum of $2,250, and (3) so much of an order of the same court dated March 22, 2012, as amended the order dated October 11, 2011, by adding certain language concerning the calculation of credits for payments made to the plaintiff's counsel.

Ordered that the order dated October 11, 2011, is reversed insofar as appealed from, on the facts and in the exercise of discretion, and the plaintiff's motion for an award of an attorney's fee is denied; and it is further,

Ordered that the order dated December 15, 2011, is affirmed; and it is further,

Ordered that the order dated March 22, 2012, is reversed insofar as appealed from, on the facts and in the exercise of discretion; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The parties were married in May 2001, and there were no children of the marriage. In June 2005, the plaintiff commenced this action for a divorce and ancillary relief, and asserted a tort cause of action against the defendant, alleging that he had sexually assaulted her. The parties executed a written settlement agreement dated March 30, 2010; they also entered into a stipulation discontinuing the plaintiff's tort cause of action. After the settlement, the plaintiff moved for an award of an attorney's fee.

In an order dated October 11, 2011, made after a hearing, the Supreme Court, inter alia, granted the plaintiff's motion for an award of an attorney's fee to the extent of awarding her an attorney's fee in the sum of $60,000, "less any and all previously satisfied awards of counsel fees paid to date or any payments made thereon." Thereafter, in an order dated December 15, 2011, the court granted those branches of the plaintiff's motion which were, in effect, for a determination that she was entitled to a qualified domestic relations order (hereinafter QDRO) as-

signing $14,673.20 of the defendant's retirement account to her, and for an award of an attorney's fee incurred in prosecuting the QDRO motion to the extent of awarding the plaintiff $2,250. Finally, in an order dated March 22, 2012, the court, inter alia, amended the order dated October 11, 2011, by adding the following language: "The credit herein allowed to defendant against the counsel fee award to plaintiff shall not include counsel fee payments made by plaintiff to plaintiff's counsel."

"The award of reasonable counsel fees is a matter within the sound discretion of the trial court. The issue of counsel fees is controlled by the equities and circumstances of each particular case, and the court must consider the relative merits of the parties' positions and their respective financial positions in determining whether an award is appropriate" (*Morrissey v Morrissey*, 259 AD2d 472, 473 [1999] [citation omitted]; *see* Domestic Relations Law § 237 [a]; *Dellafiora v Dellafiora*, 54 AD3d 715, 716 [2008]; *Ferraro v Ferraro*, 257 AD2d 596, 598 [1999]). Additionally, the court may consider "whether or not either party here has improperly prolonged the litigation, or created needless litigation" (*Kessler v Kessler*, 33 AD3d 42, 50 [2006]; *see Lyman v Lyman*, 108 AD3d 653 [2013]; *Brantly v Brantly*, 89 AD3d 881, 883 [2011]; *Prichep v Prichep*, 52 AD3d 61, 64 [2008]).

Here, considering all of the relevant factors, including the fact that the Supreme Court expressly found that a significant portion of the protracted litigation in this case was attributable to the plaintiff, we find that the court improvidently exercised its discretion in granting the plaintiff's motion for an award of an attorney's fee. The court determined that the plaintiff had unnecessarily prolonged the litigation by maintaining a "tenuous" tort claim in order to effectuate a more favorable settlement in the matrimonial case. As noted by the court, counsel for the plaintiff testified at the counsel fee hearing that the tort claim was "strictly window dressing." The court also found that the defendant was prompted to make applications to modify the pendente lite award when the plaintiff's deposition testimony showed that the net worth statement she submitted in support of her application for pendente lite relief contained "nonexistent or highly exaggerated expenses." Accordingly, the court should have denied the plaintiff's application for an attorney's fee (*see Lyman v Lyman*, 108 AD3d 653 [2013]; *Walker v Walker*, 255 AD2d 375, 376 [1998]). We therefore reverse the orders dated October 11, 2011, and March 22, 2012, insofar as appealed from.

However, the Supreme Court properly granted that branch of

the plaintiff's motion which was, in effect, for a determination that she was entitled to a QDRO assigning $14,673.20 of the defendant's retirement account to her. Where "a party fails to trace sources of money claimed to be separate property, a court may treat it as marital property" (*Steinberg v Steinberg*, 59 AD3d 702, 704 [2009]; *see Cerretani v Cerretani*, 221 AD2d 814, 816 [1995]). Here, the defendant failed to meet his burden of demonstrating that certain of the funds used to calculate the QDRO amount were pre-marital. Therefore, the court properly accepted the plaintiff's calculations in connection with the QDRO. Lastly, the court providently exercised its discretion in awarding the plaintiff an attorney's fee in the sum of $2,250 incurred in prosecuting the QDRO motion. Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.