■ In the Matter of STEVEN S., Respondent, v YELENA M., Appellant. In the Matter of YELENA M., Appellant, v STEPHEN DEAN S., Respondent. [11 NYS3d 19]—

Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about July 3, 2014, which denied respondent mother's motion for attorneys' fees, unanimously affirmed, without costs.

The order denying the mother attorneys' fees is properly before this Court, as the appeal was taken from that order. We exercise our discretion to disregard any defect in the notice of appeal (*see* CPLR 5520 [c]).

The Family Court properly exercised its discretion in denying the mother's motion for attorneys' fees (*Lee v Lee*, 68 AD3d 622 [1st Dept 2009]). The court properly considered the particular circumstances of the case, "including the financial circumstances of the parties, and the relative merit of the parties' positions" (*Matter of Talty v Talty*, 110 AD3d 908, 908 [2d Dept 2013]) and reasonably concluded that the financial circumstances of the parties are not so disparate that an award of counsel fees is necessary to preserve parity between them (*see Kaplan v Kaplan*, 28 AD3d 523, 523 [2d Dept 2006]; *Matter of Dalessandro v O'Brien*, 285 AD2d 592 [2d Dept 2001]).

The mother's argument that she is entitled to fees as the prevailing party is without merit. An award of counsel fees may be based in part on the relative merit of the parties' positions, " 'but should not be predicated solely on who won and who lost' " (*Matter of Feng Lucy Luo v Yang*, 104 AD3d 852, 852 [2d Dept 2013]). "[T]he court may consider 'whether or not either party here has improperly prolonged the litigation, or created needless litigation' " (*Tenore v Tenore*, 110 AD3d 711, 713 [2d Dept 2013]). The mother's delayed revelation that she was relocating prolonged the litigation and resulted in motion practice that could otherwise have been avoided. Concur— Friedman, J.P., Saxe, Manzanet-Daniels, Feinman and Gische JJ.